JAMES HARRISON, Respondent, v. CONSTANT CACHELIN et als., Appellants.

*Execution—Sale—Notice.*—The sheriff having an execution against A., B. and C., levied the same upon the lands of B. and C., and in his advertisement stated, that, by virtue of an execution against A. and others, he had levied upon, &c., describing the time and place of sale, and the property to be

sold; *held,* that the advertisement complied with the statute, and that the title of B. and C. passed by the sheriff's sale and deed; *held, farther,* that as the defendants appeared to be residents of the county, that they were not entitled to notice of the execution.

*Appeal from St. Louis Land Court.*

*Whittelsey,* for appellants.

The court below should have set aside the sale and sheriff's deed,

I. Because the defendants had no notice of the sale and execution. By the statute of Executions, R. C. 1855, p. 742, § 25, the defendants may elect what property shall be levied upon to satisfy the execution; for this purpose they should be notified that the execution is in the sheriff's hands.

They are also entitled to direct what property shall be first sold at the sheriff's sale; and as the sheriff must divide lands capable of division, they may elect which portion shall be first sold, and for this purpose are entitled to notice. (R. C. 1555, p. 744, § 33, 34; Hicks v. Perry, 7 Mo. 346.)

As the failure of the sheriff to give this notice will not affect the purchaser's title in collateral action or suit for the land, all the greater reason why the notice should be given.

II. The sheriff did not levy upon the title or interest of Leon Levy and Nicholas Levy; nor did he give notice by advertisement that it was their interest in the land that he would sell. His recital in his deed, that he did levy upon and sell their interest, was untrue as a matter of fact; and yet, by that recital, these defendants are to be held bound unless the deed and sale be set aside.

What constitutes a levy upon real estate in this State, and under our practice, is not expressly decided; but as a matter of practical fact, we know that the sheriff's advertisement of sale is the only levy that is really made; so that we may truthfully say, the advertisement is the levy upon execution. In attachments, his levy is his written return upon the writ. (Duncan v. Matney, 29 Mo. 368.)

The Statute (R. C. 1855, p. 746) directs that when real estate shall be taken in execution, the sheriff shall expose

the same to sale, having previously given twenty days' notice of the time and place of sale, and what real estate is to be sold, and where situated; evidently contemplating that the advertisement should state whose interest, and title, and estate in the land was to be sold ; for the description of the land to be sold only gives the " where situated," but does not describe the estate in the land, nor whose estate it is. Purchasers examining the advertisement in this case could only suppose that it was the estate of the defendant named Cachelin which was to be sold, and had been levied upon and seized. If Cachelin had possessed an estate for years in this land, the bidder at the sale could only expect to obtain that interest, and not the reversionary interest of the other defendants, although they may have been named in the exe·cution, but not in the advertisement.

Upon the defect in the advertisement I find no direct authorities, and I admit that collaterally the defect would not avoid the title. But if the advertisement is defective, the sale is voidable. (Hayden v. Dunlap, 3 Bibb 218.) The rule is different in different cases; where motion is made to set aside the sale for irregularity, from cases under the title made by the sale. (Ray v. Stobbs, 28 Mo. 35 ; Dillon v. Rash, 27 Mo. 243.)

The distinction between the two classes of cases, the effect of irregularities upon motions to set aside sheriffs' sales or bills in equity for that purpose, and the effect in collateral actions upon the title, are well known. (Jackson v. Robins, 16 John. 537, 575 ; Davis v. Campbell, 12 Ind. 192; Trail v. Snouffer, 6 Md. 308; Jackson v. Roberts, 7 Wend. 88 ; Hobein v. Murphy, 20 Mo. 447, 449 ; Young v. Bircher, 31 Mo. 136 ; Henry v. Mitchell, 32 Mo. 596 ; Nelson v. Brown, 23 Mo. 13 ; Bay v. Gilliard, 1 Cow. 220—in this case the plaintiff, and not a stranger, is the purchaser ; Young v. Bircher, 31 Mo. 136 ; Simonds v. Catlin, 2 Caine's Cas. ; Day v. Graham, 6 Ill. 435 ; Whittelsey v. Brohammer, 31 Mo. 98, 109.)

III. The proper remedy was by motion, at the return term

of the writ, to set aside the sale and deed. (Nelson v. Brown, 23 Mo. 13; Jackson v. Roberts, 7 Wend. 88; Hayden v. Dunlap, 3 Bibb, 218; Norton v. Hinkle, 20 Mo. 290; Neal v. Stone, 20 Mo. 294; Dillon v. Rash, 27 Mo. 243; Ray v. Stobb, 28 Mo. 35.)

*Gantt* and *Casselberry*, for respondent.

In support of the action of the court below, it is submitted,

I. That it is not pretended that Nicholas and Leon Levy are residents of the county, so that demand could have been made of them for the payment of the execution.

II. It is not pretended that such demand, if made, would have been effectual.

III. No excuse is offered for deferring to the month of September, 1860, the payment of the costs of a continuance granted in October, 1859.

IV. It does not appear that there was any failure to demand the money due by the execution; there is no testimony on the subject.

V. It *does appear* that the advertisement was duly made in regular course in a paper customarily used for that purpose by the sheriff.

VI. No suggestion is made that the property was sacrificed, or sold for less than its full value; wherefore, the respondent prays an affirmance of the judgment of the Land Court.

BATES, Judge, delivered the opinion of the court.

This is an appeal from the judgment of the St. Louis Land Court, in overruling a motion made by Leon Levi and Nicholas Levi, to set aside a sheriff's sale and deed. The case is this:

A suit was pending in the Land Court in which Harrison was plaintiff, and Cachelin and the two Levis were defendants; and on the 31st day of October, 1859, that suit was continued at the defendants' costs, and execution awarded against them therefor, which was issued on the first day of

September, 1860 ; and on the 24th day of September, 1860, the sheriff, acting under that execution, sold a lot of ground, which was bought by the plaintiff Harrison, and a deed was made to him therefor. The deed purported to convey to him the estate of all the defendants, Cachelin and the two Levis.

At the return of the execution, the Levi's having given Harrison notice of their intention to do so, filed their motion to set aside the sale and to set aside the deed, and, for causes in support of the motion, alleged

1. That the sheriff never gave to them any notice of said execution, nor did he make any demand of them of payment thereof.

2. The sheriff did not levy upon nor advertise the interest, right and title of these two defendants for twenty days prior to the day of sale.

3. The sheriff not having levied upon the land as the land of the defendants, could not lawfully convey the same as the land of these two defendants to the said Harrison ; and,

4. That the sheriff did not properly advertise said lands as the land of these two defendants, nor so as to give legal notice of their interest in the same.

They filed with the motion their affidavit that they had no notice of the issuing of the execution, of a levy, or advertisement of the sale ; and also, that the property was levied on and advertised as the property of Constant Cachelin and others. At the hearing of the motion, it appeared that the advertisement of the sale (which was published for a sufficient time in a newspaper in which the sheriff frequently made such publications) recited that an execution had been issued in favor of Harrison, and against " Constant Cachelin and others ;" and stated that the sheriff would sell " all the right, title, interest, claim, estate and property of the above named defendants."

It did not appear that any notice of the execution had been given to the Levis, or demand of payment made of them ; nor did it appear that they had then, or at any other time, offered to pay the execution ; nor was any other fact

shown which could affect the question of their right to notice ; nor was the value of the property shown, nor its relation to the sum for which the sale was made.

1. As to the notice. It does not appear but that the real estate sold was situated in the same county in which the defendants in the execution resided, and, therefore, they were entitled to no notice of the execution. The right of the defendant in an execution to elect what property shall be first levied or sold, is a right which he may exercise or not, at his pleasure.

2. As to the advertisement. The statute requires that notice shall be given " of the time and place of sale, and what real estate is to be sold, and where situated by advertisement." In this case the advertisement complies literally with the requirements of the statute, and is sufficient substantially to accomplish all that is designed to be accomplished by one advertisement ; it gives public notice of the sale. Parties and purchasers must themselves take notice of the regularity or irregularity of the judgment and execution.

No error is seen in the record. Judgment affirmed. Judges Bay and Dryden concur.