## Doe, *ex dem.* Hudgens *v.* Jackson.

*Ejectment by Ward against Purchaser at Guardian's Sale.*

1. *Sale of infant's lands by guardian, under order of probate court; when title passes to purchaser.* — When an infant's lands are sold by his guardian, under an order of the probate court, for reinvestment (Rev. Code, § 2436), the title is not divested out of him, until the court has ordered a deed to be made to the purchaser, and a conveyance has been actually executed to him; and until the title has been thus divested, the infant may recover in ejectment against the purchaser, notwithstanding the confirmation of the sale, and the payment of the purchase-money.

2. *Same; description of lands in petition; notice of sale.* — If the petition for the sale avers the ownership of the lands to be in the infant, and shows that they are situated within the county, this is sufficient to sustain the jurisdiction of the court, without a designation of the township and range, or other description; and when the jurisdiction of the court has attached, the validity of the sale is not affected, when collaterally assailed, by the fact that only three weeks' notice of the sale, instead of forty days, was required to be given.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by B. F. Hudgens against Mark Jackson, to recover the possession of the following lands, as described in the complaint: " thirteen and one-fourth acres off of the southwest quarter of the northwest quarter, and twenty-six and two-thirds acres off of the southwest quarter of the northwest quarter, and the southwest quarter of the northwest quarter, and the northwest quarter of the northwest quarter, and the northeast quarter of the northwest quarter, and the southeast quarter of the northwest quarter, and the northwest quarter of the southeast quarter, and the northeast quarter of the southwest quarter, all in section twenty-one (21), and the northeast quarter of the southwest quarter of section twenty-

[Doe v. Jackson.]

two (22), in township twelve (12), range eighteen (18)," in Montgomery county; and was commenced on the 24th January, 1872. "On the trial," as the bill of exceptions recites, "the plaintiff proved title to the land sued for, and possession thereof, in his ancestor; also, the death of his said ancestor; that plaintiff was his only heir-at-law, and went into the possession of the land by his guardian, William W. Ringstaff; and that he (plaintiff) was twenty-four years old at the time of the trial. The defendant pleaded the general issue, and set up title to the land under a purchase at a sale made by said Ringstaff, who was, at the time of said sale, and prior thereto, plaintiff's guardian in the probate court of Montgomery; and that said sale was made under an order of said probate court, and the purchase-money paid, and conveyance by said guardian, as shown by a transcript of the proceedings in said probate court, hereto attached as Exhibit 1. The defendant proved, that the lands sued for in this action were the same lands sold by said Ringstaff as guardian, and conveyed to defendant; and defendant disclaimed title to and possession of the lands sued for, except the land conveyed to him, as shown by said transcript; and he set up and proved no other title than that derived from the sale under said order, and his continued adverse possession under said purchase. This was all the evidence; and the court thereupon charged the jury, at the request in writing of the defendant, that they must find for the defendant, if they believed the evidence; to which charge the plaintiff excepted."

The transcript attached to the bill of exceptions, marked "Exhibit 1," does not contain the guardian's petition for the sale; but the order of the court made on the filing of the petition, dated January 3, 1860, recites that the guardian came on that day, "and filed his petition, alleging that the said minor owns the following real estate, situated in the county of Montgomery, to wit: the N. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 21, containing 39 acres; the N. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of section 21, containing 39.94 acres; the N. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of section 22, containing one hundred acres; and the N. W. $\frac{1}{4}$ of section 21, containing one hundred and sixty acres. The petitioner further alleges, that it would be to the interest of said minor to sell the same, and invest the money in personal estate, or put it out at interest." The order then appoints the 15th February, 1860, for the hearing of the petition, and directs notice to be published for three weeks, and to be given personally to Charles B. Scott, "who has the custody of said ward."

After two continuances, the petition was heard on the 4th April, 1860, when the following decree was rendered: "It appearing to the court that Charles B. Scott, who has the cus-

[Doe v. Jackson.]

tody of said minor, has had notice of this application for more than ten days; and it appearing to the court from the evidence of John Hudgens and Curtis Hudgens, two respectable and truthful witnesses, that it would be to the interest of said minor to sell said land, and to invest the money in other property, or loan the same at interest; it is therefore ordered, adjudged, and decreed, that W. W. Ringstaff, guardian as aforesaid, proceed to sell, at the house of Charles B. Scott, on a credit until the 1st January, 1860 (?) with interest from date, the following land, to wit: N. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of section 20; N. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of section 21; N. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of section 22, and N. W. $\frac{1}{4}$ of section 21; first having given notice of the time and place of said sale, by advertisement for three weeks in some newspaper published in the county of Montgomery; purchasers giving notes, with two approved securities. Ordered, also, that the guardian make return of said sale to this court within sixty days."

On the 30th July, 1860, the guardian made his report of the sale, stating that the sale was made, after due notice, on the 22d June; that Mark Jackson had become the purchaser at the sale of twenty-six and two-thirds acres "of the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 21, T. 12, R. 18," at the price of $7.25 per acre, amounting to $210; and that he had executed his promissory note for that sum, with W. H. Thompson and John Hudgens as sureties. The report was ratified and confirmed by the court, and ordered to be recorded. The transcript contains reports by the guardian of the payment of the purchase-money by other persons who became purchasers at the sale, the confirmation of those reports by the court, and orders to the guardian to make conveyances to them; but the only order in reference to the purchase by Mark Jackson, in addition to those above set out, is dated the 21st January, 1864, and is in these words: " This day came W. W. Ringstaff, and made the following report, to wit: that Mark Jackson became the purchaser of twenty-six and two thirds acres of the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 21, T. 12, R. 18, in said county, at $7.25 per acre; all of which was approved by the court of probate of said county; and that Mark Jackson *been the purchaser*. Which said report is approved, and ordered to be recorded."

The charge of the court is now assigned as error.

FITZPATRICK & WILLIAMSON, for appellant.

WATTS & TROY, *contra.*

B. F. SAFFOLD, J. — In this action, the issue is, whether the title to the land was divested out of the plaintiff, by a sale

[Doe *v.* Jackson.]

of it made by his guardian, under an order by the probate court, and vested in the defendant as the purchaser. The petition for the sale is not set out, but the orders in reference to it recite, as its jurisdictional allegation, that it would be to the interest of the minor to sell the land, and invest the proceeds in personal estate, or on loan. It is contended for the plaintiff, that the property was not sufficiently described in the petition, on account of the omission of the township and range, or other more definite location, although the section and its proper subdivisions, and its situation in Montgomery county, are stated. Another objection, made to the validity of the sale, is, that three weeks' public notice, instead of forty days, was ordered.

The bill of exceptions speaks of a conveyance made to the defendant by the guardian, and refers to an exhibit of the proceedings in the probate court as showing it. The exhibit shows the sale to the defendant, and its confirmation, and a report of his having paid the purchase-money. But it contains no order to make titles; and no deed from the guardian is found in the transcript.

1. It was very clearly decided in *Bonner* v. *Greenlee* (6 Ala. 411), that the title of the heir-in-law is not divested by an administrator's sale, without a decree directing the title to be conveyed, and an actual conveyance. The guardian's authority over the real estate of his ward is no greater in this respect than an administrator's. A purchaser of land cannot defeat ejectment by his vendor, who retained the title, notwithstanding his payment of the entire purchase-money. *Collins* v. *Robinson*, 33 Ala. 91. Without regard to the equity of the case, the legal title must control the judgment in this action. It was not proved to have passed out of the plaintiff.

2. The averments of the petition, of the ownership and situation of the land in Montgomery county, gave jurisdiction to the court having charge of the guardianship. No mistake was made in the land sold, as appears from the report of the sale. The notice given of the sale was a mere irregularity. *Satcher* v. *Satcher*, 41 Ala. 26; R. C. § 2436.

The judgment is reversed, and the cause remanded.