DANIEL H. HORTON *vs.* RICHARD BASSETT *et al.*

A sheriff, in his advertisement of an execution sale, described the execution correctly except
that he gave the plaintiff's name as Bartlett instead of Bassett.
*Held*, immaterial.

August 16, 1887, a sheriff posted the notices of a levy on execution required by Pub. Stat.
R. I. cap. 223, § 11, giving November 19 as the day of sale.

An order of court stayed the execution, and this order was vacated December 24. The
sheriff then published for three weeks the required newspaper advertisements of sale,
giving as in the notices November 19 as the day of sale, and stating the stay of execution,
the revocation of the order of stay, that an order had been made requiring him to proceed
to sale under the levy, and that the sale would take place February 18, 1888. No notices
were posted other than those of August, 1887.

*Held*, that the proceedings under levy of execution were properly conducted, posted, and
advertised.

BILL IN EQUITY for an injunction. On demurrer to the bill.

*January* 26, 1889. PER CURIAM. The case set forth in the
bill is this: At the April Term of this court, A. D. 1887, the de-
fendant, Richard Bassett, recovered judgment against the com-
plainant for $160.76, debt and costs, and subsequently took out
execution thereon. On August 16, 1887, he caused the execution
to be levied on a lot of land in Pawtucket belonging to the com-
plainant, and the officer making the levy set up the notification
for three months as prescribed by Pub. Stat. R. I. cap. 223, § 11,

appointing November 19, 1887, as the day for the execution sale. After said levy the complainant petitioned for a new trial, and procured an order staying the execution until further order. The court subsequently, after hearing, dismissed the petition, and on December 24, 1887, vacated the order. The officer charged with the service of the execution thereafterwards published in a newspaper in said Pawtucket, for three weeks, notice that the lot levied on would be sold February 18, 1888, said notice being published January 27, February 3, and February 10, 1888. In this notice the execution was described as one wherein Richard Bartlett of Pawtucket, instead of Richard Bassett, was plaintiff, the execution being otherwise correctly described. On February 17, 1888, the officer substituted in said notice Richard Bassett for Richard Bartlett, but never published said notice as thus corrected after February 17, 1888. No notifications were set up except those which were originally set up immediately after the levy. The sale was made as advertised, and this bill is brought to prevent the officer from making a deed according to it. This case comes before us on demurrer.

The complainant contends that the sale was illegal because of the error in the notice, and ought not to be carried into effect. We do not see how the error, which seems to have been merely a typographical error, could have prejudiced the sale, and, if it could not, it is immaterial and the sale ought to be sustained. The purpose of the notice is to draw bidders by advertising what the property is that is to be sold, and what the authority is under which the sale is to take place. In *Perkins* v. *Spaulding*, 2 Mich. 157, it was held that the omission to state in the notice, whose the property was, or who the defendant was, did not vitiate the sale. To the same effect is *Chapman* v. *Morrill*, 19 Hun, 318. And see, also, *Harrison* v. *Cachelin*, 35 Mo. 79. In *Jeffries* v. *Bartlett*, 75 Ga. 230, the advertisement under the levy described the defendant by the name of Jeffers, his real name being Jeffries. It was held that the levy was not vitiated thereby, Jeffers and Jeffries being *idem sonans*. And see *Ganong* v. *Green*, Supreme Ct. Michigan, 1887 ; 7 Western Reporter, 803.

We do not think the sheriff should be enjoined from giving a deed for this reason.

The complainant also objects because the notifications for three months were not again set up. The main purpose of the notifications, as stated by the statute, is that the owner of the real estate levied upon may have notice of the levy and sale, and an opportunity to redeem the same. Of course this purpose was accomplished by the notification originally set up, and we do not think the complainant can complain because the day appointed for the sale of the property levied upon in the notifications was different from the day finally advertised for such sale, as it was his own fault that the sale did not take place as originally notified. We do not think that any renewal of the notifications was necessary.

The three weeks notice of the sale was a notice that the sale would take place November 19, 1887, corresponding in this respect with the notifications, being in form such a notice as would have been given if there had been no stay of execution. Under it was a statement that the proceedings under the execution had been stayed by the order of the court pending a petition for new trial, and that the petition had been dismissed and an order made by the court directing the deputy sheriff to proceed under the levy and complete the sale, by virtue of, and to satisfy, the execution, and giving notice that the sale was postponed to, and would take place on, February 18, 1888. The bill states that no notice had been actually given before the sale that there had been an adjournment of the sale, and that Bassett had therefore lost his lien on said estate. We do not think his position is tenable. The defendant would not lose the benefit of his levy by the order of the court staying the execution, although there was no adjournment of the sale. The order to stay operated as a postponement of the sale until it was vacated. It was proper that the three weeks notice should in some way be brought into correspondence with the prior notifications, and we can see no real objection to the manner which the officer took to do it.

*Demurrer sustained.*

*Charles H. Page, Franklin P. Owen & Jacob W. Mathewson,* for complainants.

*Thomas P. Barnefield,* for respondents.