**Cornelius R. Field, Trustee of Harriet M. Harvey, Personally and as Executrix, etc., of James M. Harvey, deceased, v. Isaac V. Brokaw and William V. Brokaw.**

1. MASTER'S SALES—*Notice.*—The object of the notice of a master's sale is to secure the attendance of purchasers and obtain a fair price. When this is attained, immaterial mistakes or irregularities will not be held as fatal.

2. SAME—*What Irregularities Will Invalidate.*—Only such mistakes or omissions as are calculated to deter or mislead bidders, to depreciate the value of the property or to prevent it from bringing a fair price, will render the sale invalid.

3. SAME—*Sales En Masse.*—Where the persons objecting were present at the sale, and the master invited suggestions as to whether any one would bid upon or for a smaller portion of the property (the same being a block subdivided into lots), than the whole property, no one offering to do so, or requesting a sale in any other manner, it was properly offered and sold as a whole.

Field v. Brokaw.

4.  SAME—*Application for Resale—What Should be Shown.*—An application to set aside a master's sale on the ground of inadequacy of price, should show that some person would bid more upon a re-advertisement and sale of the property.

Confirmation of a Master's Sale.—Appeal from the Superior Court of Cook County; the Hon. W. G. EWING, Judge, presiding.   Heard in this court at the March term, 1895.   Affirmed.   Opinion filed July 5, 1895.

HENRY W. MAGEE, attorney for Harriet M. Harvey, appellant.

ELMER W. ADKINSON, attorney for Cornelius R. Field, appellant.

DENT & WHITMAN, attorneys for appellees.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of confirmation of a master's sale of real estate.

The objections made and overruled in the court below are as follows :

"By Harriet M. Harvey, by H. W. Magee, her solicitor :

1.   That said alleged sale was not duly advertised according to law, and to the decree rendered in said cause.

2.   That said sale was not at public auction to the highest and best bidder for cash in hand.

3.   That said sale was made to two bidders and not to one.

4.   That said sale was not made for " cash in hand."

5.   That said premises described in said report was not offered in separate parcels, nor was any lot offered, but that the same was offered as a block and was not sub divided.

6.   That only one certificate of sale was issued or executed by the said Hiram Barber as master, upon said sale, and that was made to the joint purchasers.

7.   That the receipts of the complainants for the moneys said to have been made at said sale are not filed with said report, or any copy thereof.

8.   That a supplementary statement in reference to taxes

and alleged redemptions is filed with the said report, and is no proper part of the same.

9. That said Hiram Barber was not the master authorized by said decree in said suit to make said sale.

10. That said sale was had by the said Hiram Barber purporting to act as an auctioneer when he is not so licensed to act.

11. That said Hiram Barber, master, failed to continue the said sale, although no bidders were present, save the solicitor for the complainants.

12. That no bids were made at said sale, save one bid, made by the solicitor of the complainants.

13. That said sale was held at a time when great financial depression existed throughout the country, while many "strikes" were prevalent, and many so-called "armies" were marching throughout the State of Illinois and elsewhere, threatening the public welfare, and real estate was at a very low ebb in value, so that the reasonable value of the said premises could not then be obtained at any so-called "public auction" of real estate in Cook county, Illinois.

14. That it was the duty of the master, in view of the premises, to have postponed the so-called sale until such time or times as bidders could be had, and a reasonable value obtained for the premises described in said decree.

15. That no duplicate of said certificate or certificates of sale have been filed in the office of the recorder of deeds of said Cook county.

16. That a better price for said premises could probably be obtained in the future.

17. That no notice was given by said master to said defendants or either of them of his said report prior to the filing of the same in this court.

18. That said alleged sale and report were and are illegal, irregular and void, and each of them and for said reasons and other reasons apparent in the record ought not to be confirmed."

"By Cornelius R. Field, by E. W. Adkinson, his solicitor:

1. That said sale was not duly advertised according to law and to the decree rendered in said cause.

2.  Because said notice of sale did not properly state the names of the parties to said cause as required by said decree.

3.  That the notice of said sale was otherwise illegal, informal and insufficient."

In the notice of sale given by the master, the defendant, Cornelius R. Field, is mentioned as Cornelia R. Field.  That any one was misled by this there is no pretense.

The object of the notice was to secure the attendance of purchasers, and obtain a fair price.  When that object is attained, immaterial mistakes or irregularities will not be held to be fatal.  Only such mistakes or omissions as are calculated to deter or mislead bidders, or to depreciate the value of the property, or to prevent it from bringing a fair price, make it necessary to order a re-advertising of the property.  12 Am. and Eng. Enc. of Law, 210; Gibbs v. Cunningham, 1 Md. Ch. 44; Holly v. Bass, 58 Ala. 206; 75 Am. Dec. 705, 711; Horton v. Bassett, 16 R. I. 16, Atl. Rep. 715, or Harrison v. Cachelin, 35 Mo. 79.

The sale seems to have been attended by agents of each of the objectors.

The master did, at the sale, invite suggestions as to whether any one would bid upon or for a smaller portion of the property than the whole parcel.  No one offering to do so, or requesting a sale in any other manner, it was offered and sold as a whole.

No offer was made by either of the objectors or any person to bid more if the property were re-advertised.

It is immaterial that only representatives of the complainants and the defendants in the foreclosure proceedings were present at the sale.  Neither the master nor court can compel any one to be present; if the public see fit to stay away it can not be driven to the auction block.  In this State, where the sale is in reality only conditional, redemption being allowed, it is seldom that foreclosure sales attract any save parties to the proceedings.

The order confirming the master's report of sale is affirmed.