RODEBECK v. RICHARDSON, ADMINISTRATOR.

[No. 11,831.   Filed June 3, 1924.   Rehearing denied October 17, 1924.   Transfer denied May 21, 1925.]

1.  EXECUTORS AND ADMINISTRATORS.—*Administrator's sale of real estate is a judicial sale.*—An administrator's sale of real estate, being made under the order and direction of the court, is strictly a judicial sale.   p. 191.

2.  EXECUTORS AND ADMINISTRATORS.—*Administrator's sale of real estate must be approved by court to become effective.*— A sale of real estate by an administrator must be reported to and approved by the court before it becomes effective.   p. 191.

3.  EXECUTORS AND ADMINISTRATORS.—*Administrator's acts reported to and approved by the court become, in effect, the acts of the court.*—An administrator is required to report his proceedings to the court, and if the court approves his acts, it adopts them as its own, and they become, in effect, the acts of the court.   p. 191.

4.  EXECUTORS AND ADMINISTRATORS.—*Notice of administrator's sale of real estate is for benefit of estate and defects therein may be waived by the administrator.*—Notice of administrator's sale of real estate is given for the purpose of securing bidders and preventing a sacrifice of the property, and is for the benefit and protection of the estate, from which it follows that the administrator may waive defects in the notice.   p. 191.

5.  EXECUTORS AND ADMINISTRATORS.—*Notice of sale of real estate not affected by immaterial errors or defects therein.*—If the results to be gained by giving notice of the sale of real estate are attained, immaterial errors and defects in the notice will not affect the sufficiency of the notice.   p. 191.

6.  EXECUTORS AND ADMINISTRATORS.—*Irregularities in terms of sale of real estate are cured by confirmation of sale by the court.*—Where the terms of an administrator's sale are such as the court had authority to direct in the order for the sale, the confirmation of such sale by the court cures any irregularities in the terms of sale as made.   p. 192.

7.  EXECUTORS AND ADMINISTRATORS.—*Irregularities in notice of sale of real estate are cured by confirmation of sale by court.*— Where the notice of an administrator's sale of real estate was such as the court had authority to order, the confirmation of the sale by the court cures any irregularities therein.   p. 192.

8.  EXECUTORS AND ADMINISTRATORS.—*Mistake in notice of sale of real estate as to date of sale immaterial when not misleading to the public.*—A mistake in the notice as to the date of a sale of real estate which was not such as to mislead the

public is immaterial and of no effect; especially where the mistake was obvious on inspection.  p. 192.

9.  EXECUTORS AND ADMINISTRATORS.—*Defects in notice of sale of real estate set out in opinion held immaterial.*—Where the only parties who could object to an administrator's sale of real estate because of defects in the notice of sale were heirs of the decedent and they had barred themselves from objecting by executing their warranty deed to the purchaser, defects in the notice of sale would be immaterial.  p. 194.

10.  EXECUTORS AND ADMINISTRATORS.—*Refusal to permit the judge who approved an administrator's sale of real estate to testify that if he had known of purchaser's objection to title, he would not, at that time, have approved the sale, not reversible error.*—In a proceeding to set aside an order approving administrator's sale of real estate, the refusal of the trial court to permit the judge of the court that approved the sale to testify that if he had known the purchaser was objecting to the title, he would not have approved the sale at the time that action was taken, was not reversible error, as the only inference from such testimony would be that he would have postponed action on the report of sale until the purchaser could present his objection.  p. 194.

From Hancock Circuit Court; *Fred C. Gause,* Special Judge.

Proceeding by Frederick Rodebeck against Guy Richardson, administrator, to have the approval of a sale of real estate by the latter set aside.  From a denial of the relief asked, the plaintiff appealed.  *Affirmed.*  By the second division.

*Samuel J. Offutt* and *Charles H. Cook,* for appellant.

*Arthur C. VanDuyn* and *Charles L. Tindell,* for appellee.

McMAHAN, J.—Guy Richardson, administrator of the estate of Henry Fralich, hereafter referred to as appellee, filed his petition for the sale of real estate to pay debts.  All of the heirs of the decedent and all lienholders were made defendants.  On February 4, 1920, the court directed said administrator to sell such real estate at private sale after giving notice of the time, terms and place of sale by two weekly publications in

a certain weekly paper. On April 25, 1921, appellee filed his report reciting among other things that he had given notice of sale as required by the order of the court, that he sold such real estate to appellant and asking that said sale be approved. The sale was approved, deed ordered, reported and approved, with directions to deliver the same to appellant when he complied with the order of the court fixing the terms of sale.

May 18, 1921, appellant filed his petition asking the court to set aside the order approving the sale, on the ground that the written agreement entered into between him and appellee required appellee to furnish an abstract showing a merchantable title to the real estate; that the abstract which appellee furnished did not include the papers, proceedings and judgment ordering the real estate sold, and did not show a merchantable title; that on having certain objections to the title pointed out, appellee caused suit to be instituted to quiet the title to correct the alleged defects; that after the decree quieting title had been entered, appellee again tendered an abstract, but that the same failed to show a merchantable title, in that it did not show that appellee had caused notice of the time of the sale to be published; that the notice of sale as shown by the abstract and by the record was published in the paper named on February 5, 12 and 19, and stated that appellee would offer the real estate for sale February 4, 1920, and that no other or different notice of such sale was given; that appellant notified appellee of the defects in said notice and that by reason thereof he would not complete the purchase of the real estate; that appellee, with full knowledge of said fact, presented his report of sale to the court and secured the approval thereof; that appellant had no knowledge that appellee was intending to make such report of sale until after the same had been filed and approved. Appellee filed

an answer to this petition and, after hearing evidence, the court denied appellant any relief. Appellant's motion for a new trial for reasons: (1) That the decision is not sustained by sufficient evidence; (2) that the decision is contrary to law; and (3) in excluding certain evidence, being overruled, he appeals.

The facts as disclosed by the evidence are in substance as follows: The order of the court directing the sale of the real estate was made February 4, 1920. Appellee caused notice to be published February 5, 12 and 19, 1920, that appellee would, on February 4, 1920, and from day to day thereafter until sold, offer the real estate for sale. On March 18, 1920, appellant and appellee entered into a written agreement wherein appellant agreed to buy and appellee agreed to sell the real estate ordered sold, appellee agreeing to furnish an abstract showing a merchantable title. Soon after this contract was entered into, appellee delivered an abstract of title to appellant, who delivered the same to an attorney for examination. Objections were made to the title and appellee, pursuant to an agreement, caused a suit to be commenced and prosecuted to final decree quieting the title to the real estate ordered sold. This decree is dated January 1, 1921. A continuation of the abstract showing the proceedings in the suit to quiet title and the recording of certain government patents and deeds was thereafter furnished appellant. There was further delay, it being inferable from the evidence that appellant was seeking to delay the consummation of the sale and that appellee was desirous of having the sale completed. It was later agreed that the parties would meet at the office of appellee's lawyer April 14, 1921. On this day, appellant, with several members of his family and his lawyer, met appellee at the office of his lawyer. Other objections to the title were pointed out and corrected. The whole day was

taken up in the matter. Late in the afternoon, appellant's lawyer called attention to the wording of the notice of sale, wherein it was stated that appellee would on February 4, and from day to day thereafter until sold, offer the real estate for sale, and to the fact that the first day on which this notice was published was February 5. Appellant, on the advice of counsel, refused to close the sale or take the land unless appellant would readvertise the land for sale. Appellee refused to readvertise unless appellant would agree to thereafter bid the land in at the same price theretofore agreed on. Appellant refused to do this. Appellee had also secured a warranty deed from all the heirs of the decedent, conveying the land to appellant, but appellant refused to complete the sale upon the ground that the notice was not sufficient to authorize appellee to make the sale. Following appellant's refusal, appellee's report of the sale was filed and approved and deed ordered, reported and approved.

Appellant entered into possession of the real estate in controversy within a few days after the agreement between him and appellee was signed. In his answer to appellant's petition, appellee alleged that such possession was taken under the contract of purchase, subject to the approval of the sale by the court. Appellant claims that he took possession of the land as a tenant of appellee, with the understanding that if the sale was finally consummated, his title was to relate back to the date of the agreement so that he would be under no obligation to pay any rent for the period antedating the execution of the deed, and that if the sale was not approved, or if for any reason appellee was not able to furnish a good title, he would be holding only for a reasonable rental. The evidence upon this subject was conflicting. Appellee denied having had any such conversation, or the existence of any agree-

ment on that question.  Appellant did take possession of the land and has farmed it since March, 1920, and has never paid or offered to pay any rent for the use of the same.

Appellee insists that appellant is in no position to ask the court to relieve him from his obligation to purchase the land, while retaining possession and without paying or offering to pay anything for the use of the farm.  But, in view of the conclusion we have reached on the question as to the sufficiency of the notice of sale, we need not enter into a consideration of the effect of appellant's possession.

We must keep in mind that a sale of real estate by an administrator under an order and decree of court is strictly a judicial sale.  *Pierce* v. *Vansell* (1905), 35 Ind. App. 525.  Such sales are not only made under an order of the court, but they must be reported to and approved by the court before they become effective.  See *Emerick* v. *Miller* (1902), 159 Ind. 317; *Lawson* v. *DeBolt* (1881), 78 Ind. 563; *Maul* v. *Hellman* (1894), 39 Nebr. 322, 58 N. W. 112; *Mauney* v. *Pemberton* (1876), 75 N. C. 219.

An administrator is required to report his proceedings to the court, and if the court approves his acts, it adopts them as its own, and it becomes a judicial act.  *Noland* v. *Barrett* (1894), 122 Mo. 181, 26 S. W. 692, 43 Am. St. 572.

The object of a notice of sale is to inform the public of the nature and condition of the property to be sold, and of the time, place and terms of sale.  Such notices are given for the purpose of securing bidders, and to prevent a sacrifice of the property.  This is for the benefit and protection of the owner.  There is no question but that the party for whose benefit the notice is given may waive the omission to give notice or defects therein.  If the objects to

be gained by giving notice are attained, immaterial errors and defects will not affect the sufficiency of the notice. In *Mowry* v. *Sanborn* (1877), 68 N. Y. 153, where a notice of sale by mistake was dated April 23, 1858, instead of 1868, the court held that the mistake was obvious on inspection and did not invalidate the sale. See, also, *Gray* v. *Shaw* (1851)., 14 Mo. 341.

Where the terms of the sale or the notice given are such as the court had authority to direct in the decree ordering the property sold, the confirmation of 6, 7. the sale by the court cures any irregularities in the terms of the sale as made or in the notice of sale. *Robertson* v. *Smith* (1897), 94 Va. 250, 26 S. E. 579, 64 Am. St. 723. To the same effect see *Thompson* v. *Burge* (1899), 60 Kans. 549, 57 Pac. 110, 72 Am. St. 369; *Watson* v. *Tromble* (1891), 33 Nebr. 450, 50 N. W. 331, 29 Am. St. 492; *Hanks* v. *Neal* (1870), 44 Miss. 212; *Moffitt* v. *Moffitt* (1873), 69 Ill. 641; *Little* v. *Sinnett* (1858), 7 Iowa 324; *Friedman* v. *Shamblin* (1897), 117 Ala. 454, 23 So. 821.

Where the mistake in the notice as to the date of the sale is not such as to mislead the public, it is immaterial and of no effect. This is especially true 8. where the mistake is obvious on inspection. In *Neff* v. *Elder* (1907), 84 Ark. 277, 105 S. W. 260, 120 Am. St. 67, it was held that the naming of the date of sale in the notice thereof as June 1, 1893, instead of 1903, was a trivial irregularity which would mislead no one, and was cured by the confirmation of the sale.

In *Nevada Nickel Syndicate* v. *National Nickel Co.* (1900), 103 Fed. 391, the sale was made under a statute which provided that no such sale should be had without previous publication of notice once a week for at least four weeks. The court in its decree directed that notice of sale be posted and published twenty days.

It was there held that the defect was cured by confirmation after notice to the defendant, the court in the course of its opinion saying: "A judicial sale is one made as a result of judicial proceedings by a person legally appointed by the court for that purpose. It is a sale made pendente lite. The court is the vendor, and the person appointed to make the sale is the mere agent of the court. The sale is not absolute until confirmed. The order of confirmation gives the judicial sanction of the court, and when made it relates back to the time of sale, and cures all defects and irregularities, except those founded in want of jurisdiction or in fraud. The court has power to confirm the sale although the terms of the decree may not have been strictly followed."

In *Rounsaville* v. *Hazen* (1885), 33 Kans. 71, 5 Pac. 422, the notice of sale was published in a weekly newspaper on March 30, April 20, and April 27, for a sale which was to take place April 29. The notice was not published April 6, or April 13. The court, while holding the omission was such as would have been sufficient ground for vacating the sale on proper motion before its confirmation, said: "But we do not think the omission renders the sale void, or that it may be treated as void in any collateral proceedings or upon any collateral attack." So in *Conley* v. *Redwine* (1899), 109 Ga. 640, 35 S. E. 92, where the sale was not properly advertised for the reason that there were not four insertions in four consecutive weeks as required by statute. It was held the defect was an irregularity that did not render the sale void. See, also, *Doe* v. *Jackson* (1874), 51 Ala. 514; *Berlin* v. *Melhorn* (1881), 75 Va. 639; *Neligh* v. *Keene* (1884), 16 Nebr. 407, 20 N. W. 277; *Horton* v. *Bassett* (1889), 16 R. I. 419, 16 Atl. 715.

Appellant had failed to point to any person who might

take advantage of the alleged defect.    This leads us to ask who could raise any objection to the sale as made and approved by the court?    No creditor has made any objection.    Indeed, we know of no ground upon which a creditor could attack this sale or appellant's title derived through such sale.    The only persons who would have any right to attack the sale because of defects in the notice of sale would be the heirs of the decedent, and their warranty deed, which they delivered to the administrator to be delivered to appellant, would effectually be a bar to any action by them to set aside and vacate the sale.    If it be conceded that the notice of sale was defective, the heirs of decedent are not only barred from attacking the sale by their deed, but they are parties to this appeal and are here insisting that the action of the court in refusing to set aside the order approving the sale be in all things affirmed.    See *Rice* v. *Cleghorn* (1863), 21 Ind. 80.

Appellant offered to prove by the regular judge of the trial court that he was not informed appellant was objecting to completing the contract of sale and that if he had known of appellant's objection he would not have approved the report of sale at that time.    The refusal to permit appellant to prove these facts by the regular judge is assigned as one of the reasons for a new trial.    The offer to prove that the judge, if he had known appellant was objecting to the title, "would not at the time he took action upon the report have approved the same," if it had been sustained and the witness had so testified, would not have changed the result.    The only inference that could have been drawn from such testimony would have been that the court would have postponed action upon the report until appellant had been given an opportunity to present any objection he might have had to the approval of the report of sale.    The refusal to admit this evi-

dence, even if erroneous, would not amount to reversible error. The same is true of the other evidence offered. There was no error in overruling the motion for a new trial.

Judgment affirmed.