THOMAS *v.* THOMAS ET AL.

[No. 12,543.    Filed July 1, 1926.]

1. RECEIVERS.—*Court's approval of receiver's sale subject to certain mortgage after ordering sale to be free of liens, was not reversible error.*—Court's approval of receiver's sale of the trust property subject to a certain mortgage, after ordering it sold free of liens, was not reversible error, as the confirmation of the sale cured any deviation from the terms of the sale as ordered where they were such as could have been ordered in the first place. p. 119.

2. RECEIVERS.—*Not reversible error for court to refuse to set aside confirmation of receiver's sale because of higher bid at later date.*—Court's refusal to set aside the confirmation of a receiver's sale on the ground that a higher bid was offered was not an abuse of its discretion where the higher bid was not made until after the day advertised for the sale and there was nothing to prevent the subsequent bidder from bidding on the advertised date. p. 119.

From Vigo Superior Court; *L. R. Hilleary,* Judge pro tem.

Suit for an accounting and for the appointment of a receiver by John C. Thomas against Reuben C. Thomas and another. From a judgment approving the final report of the receiver and discharging him, the named defendant appeals. *Affirmed.* By the court in banc.

*E. L. Swadener,* for appellant.

MCMAHAN, P. J.—Complaint by appellee John C. Thomas against his coappellee Lillie Thomas and appellant, alleging the existence of a partnership, and asking for an accounting and for the appointment of a receiver for a small coal mine which was being operated under a lease of certain real estate. The issues were closed and it was agreed that the appellees John C. and Lillie Thomas were partners each owning a one-half interest in the mine and that a receiver should be appointed and the mine operated by the receiver until an accounting and dissolution could be had. A receiver was appointed, and, after having qualified, was ordered to take

charge of and to operate the mine. Shortly thereafter, the receiver, on his application, was ordered to sell the partnership property at public sale after notice. The property was appraised at $1,628. The receiver being unable to sell the property for two-thirds of its appraised value, reported such fact to the court, with the information that there was a mortgage on the property in the sum of $400, and that appellant was claiming he had a lien on the property for $2,072, for labor performed by him as a miner. A reappraisement was ordered and the property ordered sold for cash, free of liens, and for not less than two-thirds of the appraised value. The property was reappraised at $500, free of all liens and readvertised for sale. On the day the property was advertised for sale, L. C. Scott bid $80 for the property, subject to the mortgage of $400, and paid the amount of his bid to the receiver in cash. Two days later, appellant offered the receiver $100 for said property subject to said mortgage and he also paid to the receiver the amount of the bid. These facts were reported to the court, the sale to Scott was approved, to which appellant excepted and later, but on the same day, filed a motion to set aside the approval of the sale to Scott for the reason that the property had been ordered sold free from the liens while the sale as reported to and approved by the court was subject to the $400 mortgage, and for the further reason that the subsequent offer of $100 by appellant was a higher bid than the bid of Scott; and also because of appellant's claim for a labor lien which he claimed was prior to the mortgage lien. This motion being overruled, appellant excepted. The receiver filed his final report showing distribution of all money. This report was approved and the receiver discharged. The amount received by the receiver was not sufficient to pay the costs of the proceedings.

Appellant contends it was reversible error for the court to approve the sale to Scott for an amount which he claims was less than two-thirds the appraised value of the property. He also contends that the receiver had no authority to sell except in compliance with the order of the court, which directed him to sell the property free from liens. In support of the last contention, appellant says the sale, being made subject to the mortgage instead of being made free of the liens, is void. This contention cannot be sustained. The court had authority in the first instance to direct that the sale should be made subject to the mortgage. And where the terms of the sale as made are such as the court had authority to direct in the decree ordering the property sold, the confirmation of the sale by the court cures any irregularities in the terms of the sale as made. *Rodebeck* v. *Richardson, Admr.* (1924), 83 Ind. App. 186, 192, 144 N. E. 41. The action of the court in approving the sale of the property subject to the mortgage is not reversible error.

Appellant had an opportunity to bid for the property on the day it was advertised for sale. He did not do so. He waited until a later day, and after the receiver had accepted the money from the person who had bid for the property when it was regularly offered for sale. He makes no claim that he was prevented from bidding on the property on the day when it was regularly advertised for sale, and we hold the court did not, under the facts, abuse its discretion in approving the sale to Scott. Appellant makes no claim that he was harmed by the action of the court. While appellant claimed he had a labor lien on the mine, it appears that on the trial of that question, the court found otherwise (*Thomas* v. *Thomas* [1926], *ante* 115). And, without deciding the question, is it not, at least, very doubtful whether appellant, after having tendered a bid for the

property subject to the mortgage, is in a position to question the sale because it was made to another on a like bid?

Judgment affirmed.