## CHARLES GANONG v. WILLIAM GREEN AND ELMER J. HOLLAND.

*Execution in justice's court—Sale in parcels—Notice of sale—Validity of mortgage lien.*

1. A constable levied an execution, issued on a valid judgment, upon a quantity of personal property in the possession of the judgment debtor, on which his son held two chattel mortgages, and who claimed the *right* to the immediate possession of the property by agreement with his father to hold the same until the mortgages were due or paid. Before the sale, the mortgagee demanded the property of the officer and execution creditor, who were acting together, and on their refusal to surrender it forbade the sale, stating that he held the two mortgages, and that the property could not be lawfully sold in parcels. Prior to giving notice of such sale, $250 worth of the property was set off to the father as exempt, and received by him with his son's knowledge. The notice of sale conformed to the statute, except in not stating the names of the parties to the suit.

The constable sold the property in parcels, claiming that the mortgages were void as to creditors, after which a second demand was made and refused, and the mortgagee then brought trover against the officer and judgment creditor for the value of the property. On the trial the defendants introduced testimony tending to show the fraudulent character of the mortgages, but

the court held the sale void by reason of the defect in the notice of sale, and directed a verdict for the plaintiff.

*Held*, that, under the facts stated, the plaintiff was estopped from questioning the validity of the sale, except upon the ground assigned at the sale, and that the defendants had a right to go to the jury upon the question of the *validity* of the mortgage lien, and, if found to be valid, the sale of the property in parcels was void, and plaintiff could recover.

2. On the trial of an action of trover for the value of mortgaged property seized on execution against the mortgagor on his premises, testimony showing an agreement between the mortgagor and mortgagee, by which the latter was entitled to the immediate possession of the property, with the right to hold it until the mortgage was due or paid, is admissible.

3. Prior to the passage of Act No. 149, Laws of 1879 (How. Stat. § 6980), requiring a constable's notice of execution sale to contain the names of the parties to the suit, their omission would not invalidate the sale. *Perkins v. Spaulding*, 2 Mich. 160 ; *Manwaring v Jenison*, 61 Id. 143. Whether such statutory requirement is *mandatory*, discussed, but not decided.

Error to Eaton. (Hooker, J.) Argued October 7, 1886. Decided January 27, 1887.

Trover. Defendants bring error. Reversed. The facts are stated in the opinion.

*Foote & McCall* (*Philip T. Van Zile*, of counsel), for appellants.

*James M. Powers*, for plaintiff.

MORSE, J. This is an action of trover brought by the plaintiff to recover certain property described in and covered by two chattel mortgages, executed and delivered to him by Thaddeus Ganong, his father.[1]

On the twenty-first and twenty-fourth days of November, 1884, the defendant Holland, who is a constable, levied upon the property, the execution being in favor of the defendant Green, and took the same to the house of Green, where he kept it until the second day of December, 1884, when he sold

---

[1] The mortgages were also signed by the mortgagor's wife.

it at public auction.  When taken upon the execution, the
property was in the possession of the mortgagor, Thaddeus
Ganong, but plaintiff claimed that he was entitled to the im-
mediate possession of the goods by agreement with his father,
and had the right to hold the same until the mortgages were
due or paid.

We think the evidence of such an arrangement was admis-
sible.

Before the sale, the plaintiff, by his attorney, demanded of
the defendants, who were apparently acting together in the
possession of the property, each separate article.  Upon such
demand being refused, he forbade the sale, stating that the
plaintiff held two mortgages upon the goods, and that the
property could not be lawfully sold in parcels.  The constable
and the defendant Green, plaintiff in execution, went on
with the sale.  The articles were sold separately, and bid off
by various persons, Green being a purchaser of some of the
goods.  The property was sold by the constable on Green's
premises, by the direction of Green.  After the completion of
the sale, and before the property was taken away by the pur-
chasers, the attorney of plaintiff again demanded all of the
property of both Green and the constable.  The demand was
again refused.  No claim or intimation was made by plaint-
iff's attorney that the sale was invalid for any other reason
than that it was sold in parcels, in violation of the rights of
the mortgagee.  The constable sold the property, disregard-
ing plaintiff's claim, on the ground that the mortgages were
fraudulent and void as against creditors.

On the trial in the circuit court the defendants showed a
valid judgment, execution, and levy.  The execution was
issued November 21, 1884, and was returnable within 60 days
from its date.  The levy was made upon a portion of the
property on the same day, and on the balance November 24,
1884.  Before notice of sale, $250 of the property was set off
to Thaddeus Ganong, who received the same, as exempt

property, with the knowledge of plaintiff. The notice of sale was regular, and conformed to the statute, excepting that it did not state the names of the parties in the suit upon which the execution issued. For this reason the circuit judge held that the notice was defective and void, and instructed the jury to find a verdict for the plaintiff. This ruling and instruction is assigned as error.

The defendants claimed, and introduced testimony tending to show, that the mortgages were. void. But the court, under his view of the case, held that the defendants had no standing to contest the plaintiff's title because of the void sale.

Under the statute regulating constables' sales, previous to 1879, there was no provision as to the form of the notice in respect to the names of the parties. It was held in *Perkins v. Spaulding*, 2 Mich. 160, that while it would be proper and desirable to specify in such notice the name of the execution defendant, the omission to do so would not invalidate the sale. See, also, *Manwaring v. Jenison*, 61 Mich. 143.

In 1879 the Legislature amended the statute so that it now reads:

"Such notice shall describe the goods and chattels, and shall contain the names of the parties to the suit upon which the execution issued, and shall be put up at least five days before the time appointed for the sale." How. Stat. § 6980.

The plaintiff claims that this statute is mandatory; that the intent of the Legislature, by this amendment, was to meet the ruling in *Perkins v. Spaulding*. But statutes of this nature have seldom been held by the courts to be mandatory. It has been said that it is the policy of the law to uphold judicial sales, when collaterally attacked, by securing purchasers, as far as possible without prejudice. to others, against risks; and if every neglect of duty upon the part of an officer would operate to invalidate such sale, great injury would result to both debtor and creditor, for no prudent man

would give a fair price for property if he was liable to be divested of his title by reason of the laches of the officer. *Smith v. Randall,* 6 Cal. 47; *Blood v. Light,* 38 Id. 649; *Webber v. Cox,* 6 T. B. Mon. 110; *Hayden v. Dunlap,* 3 Bibb, 216; Freem. Ex. § 286.

And in the case of constables' sales, where the law does not provide for the filing or preservation in any public office of the notice of sale, to require such notice to comply with the statute to make a sale valid, would, as against *bona fide* purchasers at such sale, result in great hardship and injustice. It would be impossible, in most cases, a few months after such sale, to show that the statute was followed, and lead to uncertainty and doubt as to the title to property so purchased, which could be settled only by oral testimony, as conflicting, in the majority of instances, as the interests of the parties concerned.[1]

But if the intent of the Legislature is plain, such intent must govern. I do not, however, consider it necessary in the present case to decide what the intent of the Legislature was in amending this statute. There is no provision declaring a sale not made in pursuance of the statute null and void; and, therefore, the intent is not free from doubt. We have no good-faith purchasers to deal with in this action, as the suit is brought directly against the constable and the execution creditor, for converting the property, by the sale of it, under this notice.

I do not think the plaintiff had a right, under the circumstances shown by this record, to contest the validity of this notice. At the time when the plaintiff's attorney first demanded this property, the constable was holding it, and was entitled to the possession, under a lawful levy upon a valid judgment and execution. The attorney in behalf of the plaintiff rested upon his rights under the mortgages, and forbade the sale in parcels. Neither before or after the sale

---

[1] See *Winslow v. Jenness,* 64 Mich. 88, and note.

did he raise any question of the validity of the sale because of the defect in the notice. If he had done so, and the attention of the defendants had been challenged to this defect, it is reasonable to infer that the sale would have been declared off, and a new sale ordered under a proper notice, which could have been done within the life of the execution The plaintiff saw fit to base his objections to the sale upon his mortgage rights, and there he must stand. By his action the defendants were led to believe that he was going to contest the sale of the property because it was sold in opposition to, and in derogation of, his mortgages, and acted accordingly. He cannot, in justice, be allowed, after the property has passed out of their hands to the purchasers, to take advantage of this defect in the notice, to their disadvantage. He is estopped from now questioning such sale, except upon the ground assigned at the sale, as he must be presumed to have waived all other defects by his action at that time. Freem. Ex. § 286; Rorer, Jud. Sales, § 472.

The defendants had a right to go to the jury upon the question of the validity of plaintiff's mortgage lien. If his mortgages, or one of them, were valid, the sale of the property in parcels was void, and he can recover. If his mortgages were fraudulent, or had been paid, the sale cannot be questioned by him in this suit.

The judgment of the court below is reversed, with costs, and a new trial granted.

The other Justices concurred.