## BARNES CYCLE CO. v. REED.

(Circuit Court of Appeals, Third Circuit. January 9, 1899.)

### No. 4, September Term.

GUARANTY—NOTICE OF ACCEPTANCE—SUFFICIENCY AND MANNER OF PROOF.

To hold a guarantor who is entitled to notice of the acceptance of the guaranty, direct proof of such notice is not essential, and it is sufficient if facts and circumstances appear to warrant the jury in finding that the guarantor had received such notice in reasonable time, and thereupon had taken steps to secure himself.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

This was an action at law by the Barnes Cycle Company against C. M. Reed, upon an alleged contract of guaranty. The trial court directed a verdict for defendant, and overruled a motion for new trial (84 Fed. 603), and plaintiff brings error.

Henry E. Fish, for plaintiff in error.

T. A. Lamb, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and BUTLER, District Judge.

ACHESON, Circuit Judge. We agree with the circuit court that the paper of February 10, 1896, was not an unconditional guaranty,

complete in itself without notice. This conclusion is fully sustained by the ruling in Machine Co. v. Richards, 115 U. S. 524, 6 Sup. Ct. 173. We are not able to discover any substantial difference between the guaranty here and the one in that case. As was there said in respect to the general words "for value received," the acknowledgment in the paper here in suit of the receipt of one dollar, without stating by whom paid, is consistent with payment by the principal debtor. Nevertheless, we are constrained to hold that, under all the evidence in this case, the court was not justified in directing the jury to find a verdict in favor of the defendant. It appears that during the running of the contract between the plaintiff and Leo Schlaudecker (the subject-matter of this guaranty), namely, on August 13, 1896, six weeks before the expiration of the contract, the defendant, acting by his attorney at law, took from Schlaudecker a judgment note which included the guarantied indebtedness at that date of Schlaudecker to the plaintiff, under the principal contract. There was evidence to show that the amount of that indebtedness so included in the note was taken from Schlaudecker's books of account, and a memorandum thereof delivered by Schlaudecker either to the defendant himself or to his attorney. Testimony on the part of the plaintiff connected the defendant personally with the taking of that note. Then there was evidence that, after the taking of the judgment note,—some time in the succeeding month of September,—the defendant applied to John H. Phillips, Mr. Schlaudecker's bookkeeper, for information as to the condition of his business, and that the defendant then asked for and received a memorandum of "the accounts which he had guarantied," and that this memorandum contained the plaintiff's name and the amount of the indebtedness to it. And Mr. Phillips testified: "When I gave him the memorandum, and mentioned the names and amounts, he said, 'I know about that, but want to know what the condition is, and whether Schlaudecker is liable to pull through or not.'" This witness testified that, before the defendant made this remark, he (Phillips) had mentioned the plaintiff as one of the concerns to which the defendant was liable, and the amount of the indebtedness. The defendant held his judgment note until October 3, 1896, the third day after the maturity of the principal contract, and then entered judgment thereon, issued execution, and levied upon Schlaudecker's entire stock in trade, which was subsequently sold by the sheriff under this execution. Moreover, it was testified that, shortly after the issuing of this execution, in the same month, the defendant took from Schlaudecker assignments of accounts and notes of the value of about $15,000, as further indemnity against liabilities he had incurred for Schlaudecker on four guaranties, including the one here in suit. Now, it is true that the defendant himself testified in contradiction of many of the statements of the plaintiff's witnesses, and he was corroborated to some extent by another witness; but, still, the determination of what the facts were clearly was for the jury. The evidence, as a whole, we think, required the submission to the jury of the question of notice to the defendant of the plaintiff's acceptance of the guaranty.

To hold a guarantor, notice of the acceptance of the guaranty need not be shown by direct proof, but may be inferred from circumstances.

Brandt, Sur. § 204.    His conduct and remarks may justify an inference of due notice.    Id.    In Reynolds v. Douglass, 12 Pet. 497, 504, the supreme court of the United States said:    "This notice need not be proved to have been given in writing, or in any particular form, but may be inferred by the jury from facts and circumstances which shall warrant such inference."    It has been held that it need not be given by the creditor, but that notice of the acceptance of the guaranty, received within reasonable time from any source, is sufficient.    Brandt, Sur. § 204; Bank v. Downer, 27 Vt. 539.    In Bascom v. Smith, 164 Mass. 61, 41 N. E. 130, it was ruled that knowledge of acceptance is equivalent to notice.    This principle was avowed by the supreme court of the United States in Adams v. Jones, 12 Pet. 207, 213, where the court said that knowledge by the defendant's agent of credit given by the plaintiff under and on the faith of the guaranty would dispense with any further notice.    What is a reasonable time for notice of the acceptance of a guaranty depends upon the circumstances of each particular case, and generally is a question for the determination of the jury.    Brandt, Sur. § 203; Manufacturing Co. v. Welch, 10 How. 461.

Upon the whole, then, we are of opinion that the plaintiff's evidence disclosed such facts and circumstances, and conduct on the part of the defendant, as would warrant a jury in finding that the defendant had received notice, within a reasonable time, that the plaintiff had accepted and acted upon his guaranty contained in the instrument of February 10, 1896.    Therefore the judgment of the circuit court is reversed, and the cause is remanded to that court, with directions to set aside the verdict and grant a new trial.