## McCONNON & COMPANY v. LAURSEN et al.

(135 N. W. 213.)

**Pleading — implied allegation that plaintiff is foreign corporation.**

1. The complaint alleges that plaintiff "is and was a corporation duly organized and existing according to law," and sets out in full the contract for breach of which suit is brought, in which plaintiff, party of the first part, is designated as "a corporation of Winona, Minnesota." *Held*, that the complaint by reasonable inference alleges that the plaintiff is a foreign corporation, and that it was not error for the trial court to overrule the demurrer to the complaint upon the ground that the complaint did not contain the allegations required by § 7361 of the Revised Codes of 1905.

**Action by corporation — necessity of proving corporate existence — admission of incompetent evidence of corporate existence.**

2. By the express provisions of § 7362 of Revised Codes of 1905, in an action by a corporation, the plaintiff need not prove upon the trial the existence of the corporation, unless the answer, an allegation of which denies the exist-

Note.—It seems to be well settled that, where a guaranty is absolute in its terms and definite as to its amount or extent, as was the case in McCONNON & Co. v. LAURSEN, or is one which binds the guarantor to pay unconditionally upon the default of the principal, no notice of acceptance by the guarantee is required, as shown by a review of the authorities in 16 L.R.A. (N.S.) 353. The later cases on the question of necessity of notice of acceptance to bind guarantor are collated in a supplemental note in 33 L.R.A. (N.S.) 960. And see also on this subject notes in 105 Am. St. Rep. 515, and 39 Am. Rep. 221.

ence of the corporation, is verified. In the case at bar the answer is not verified; therefore the admission of incompetent evidence tending to prove corporate existence of plaintiff was not prejudicial to the defendant, and is not grounds for reversing the judgment of the trial court.

**Guaranty — necessity of notice of acceptance.**

3. On the back of a written instrument containing all the terms and conditions of a contract whereby the plaintiff is to sell and deliver to defendant Laursen goods, wares, and merchandise f. o. b. Winona, Minnesota, is indorsed in writing the following: "In consideration of the sum of one dollar to us in hand paid by the party of the first part, and in further consideration of the execution by it of the within agreement, and the sale and delivery of its goods as therein provided to the party of the second part, we, the undersigned, jointly and severally guarantee to the said party of the first part, its successors, and assigns, the full and complete payment of all indebtedness of the party of the second part to the party of the first part, arising under said agreement, according to the terms and conditions thereof, and at the time and in the manner provided therein. (Signed) Walter Nelson (seal); (signed) Knud Christensen (seal)." *Held*, that such indorsement is an absolute guaranty to pay for such goods as are delivered to defendant Laursen, by the plaintiff, pursuant to the instrument on which such indorsement is contained, requiring no notice of acceptance by plaintiff, and that it is immaterial as to whether the consideration of $1, stipulated therein, was or was not paid, and immaterial as to whether the instrument on which such indorsement was contained, was signed by plaintiff at the time such indorsement was signed by the defendants, guarantors, and immaterial as to whether defendants, guarantors, were notified of the default of defendant Laursen, principal debtor, within a reasonable time after his default.

Opinion filed February 15, 1912. Rehearing March 14, 1912.

Action on guaranty. From a judgment of the District Court of Barnes county; *Burke,* J., in favor of plaintiff, defendants Nelson and Christensen appeal.

Affirmed.

*Page & Englert,* for appellants.

*Lee Combs,* for plaintiff and respondent; *Tawney, Smith, & Tawney,* of counsel.

NUCHOLS, District Judge. The complaint alleges that plaintiff "is and was a corporation duly organized and existing according to law," and sets out in full the contract between plaintiff and defendant Laursen,

for the sale to said defendant f. o. b. Winona, Minnesota, of medicines and other articles manufactured by plaintiff, in which contract plaintiff is designated as "a corporation of Winona, Minnesota," party of the first part. On the back of the contract is the following writing:

"In consideration of the sum of one dollar to us in hand paid by the party of the first part, and in further consideration of the execution by it of the within agreement, and the sale and delivery of its goods as therein provided to the party of the second part, we, the undersigned, jointly and severally guarantee to the said party of the first part, its successors, and assigns, the full and complete payment of all indebtedness of the party of the second part to the party of the first part, arising under said agreement, according to the terms and conditions thereof, and at the time and in the manner provided therein.

"(Signed) Walter Nelson,<br>"(Signed) Knud. Christensen."

The complaint further alleges the sale and delivery by plaintiff to defendant Laursen, of goods and wares according to said contract, and the failure of the said defendant to pay therefor, and the giving of notice to the defendants Christensen and Nelson, of the default of Laursen, and a demand upon the defendants Christensen and Nelson for the payment of the amount due. Defendant Laursen made no appearance in the action. Defendants Nelson and Christensen demurred to the complaint, on the ground that plaintiff has no capacity to sue, and that it fails to allege whether it is a domestic or foreign corporation, and that the complaint fails to state facts sufficient to constitute a cause of action, for failure to comply with § 7361 of the Revised Codes of 1905, which demurrer was overruled. The last-mentioned defendants answered the complaint, denying generally all the allegations of the complaint, and further denying the incorporation of the plaintiff, and alleging that there was no consideration for the guaranty, and no notice of acceptance thereof by plaintiff had been given, and no notice of the default of the defendant Laursen has been given to the defendants, and other allegations which we need not consider in this opinion, which answer was not verified.

At the close of the testimony, on motion of the plaintiff, the court directed the jury to return a verdict in favor of the plaintiff for the amount demanded in the complaint, to wit, $1,053.60. After a motion for a new trial had been denied, defendants Christensen and Nelson ap-

pealed from the judgment of the district court, and assign numerous errors.

We will consider the errors assigned in the order in which they are presented in appellants' brief. The first assignment of error is that the court erred in overruling the demurrer to the complaint, on the ground that the complaint did not conform to the requirements of § 7361 of the Revised Codes of 1905. This section reads as follows: "In an action by or against a corporation, the complaint must aver that the plaintiff or the defendant, as the case may be, is a corporation. If incorporated under any law of this state, that fact must be averred; if not so incorporated, an averment that it is a foreign corporation is sufficient. The complaint need not set forth or specially refer to any act or proceeding by or under which the corporation was formed."

This statute is mandatory to the extent of requiring that the complaint of a plaintiff, suing by a name which indicates that it is not a natural person, must allege that it is a corporation, or state facts showing that it is an artificial being with a capacity to sue. By § 4200 of the Revised Codes of 1905, every corporation is granted the power to sue and be sued by its corporate name; and by § 7364 of the Revised Codes of 1905, a foreign corporation is given generally the same authority as domestic corporations to maintain actions in the courts of this state. The positive allegation in the complaint, that "plaintiff is a corporation," sufficiently alleges plaintiff's capacity to sue, and when the complaint also sets out in full the contract for a breach of which the suit is brought, in which plaintiff, party of the first part, is designated as "a corporation of Winona, Minnesota," we are agreed that the complaint sufficiently conforms to the statutory requirements, and by reasonable inference alleges that the plaintiff is a foreign corporation, and that it was not error for the trial court to overrule the demurrer. If the defendants desire a more specific allegation as to whether plaintiff was a foreign or domestic corporation, their remedy was by motion to make such allegation more specific, and not by demurrer. See Webber v. Lewis, 19 N. D. 473, 34 L.R.A. (N.S.) 364, 126 N. W. 105.

Defendant's assignments of error Nos. 2, 3, and 4 relate to the same subject, each being directed to the action of the court in overruling objections to the admission of evidence tending to prove the in-

corporation of plaintiff. The evidence objected to was undoubtedly incompetent to prove corporate existence, if the answer had been verified. By the express provisions of § 7362 of the Revised Codes of 1905, in an action by a corporation, the plaintiff need not prove upon the trial the existence of the corporation, unless the answer, an allegation of which denies the existence of the corporation, is verified. In the case at bar the answer is not verified, and no proof of the incorporation of the plaintiff was necessary; therefore the admission of incompetent evidence tending to prove the corporate existence of plaintiff was not prejudicial to defendants, and is not ground for reversal of the judgment of the trial court.

The fifth assignment of error is that the court erred in permitting the president of plaintiff corporation to state the total amount of the goods shipped to the defendant Laursen under the contract. Witness had testified to the separate amounts of each shipment and had identified the invoices of each separate shipment, and the answer as given by the witness was merely the total of the separate amounts which anyone could ascertain by adding together the separate amounts. On cross-examination of this witness, counsel for defendants interrogated him as to the amount of each separate shipment. We find no error in the ruling of the court in overruling the objections to the answers of witness.

Assignments of error 6 and 7 relate to the rulings of the court in sustaining objections to questions by counsel for the defendants in the cross-examination of the president of the plaintiff corporation. The questions objected to did not relate to any matter as to which the witness had testified on direct examination, and were attempts to prove affirmative defenses by cross-examination of plaintiff's witness, and were properly objected to; and we think it was not error for the court to sustain objections to the questions.

Assignment of error number 8 is that the court erred in admitting in evidence the instrument of guaranty. The execution of the instrument was proved by the testimony of the defendants who signed it, and it was properly admitted in evidence.

The ninth assignment of error is that the court erred in sustaining the objection to the offer by the defendants of evidence tending to show that the consideration of $1, stipulated in the instrument of guaranty, had never been paid. The court did not err in rejecting such evidence,

as it was wholly immaterial as to whether the stipulated consideration of $1 had been paid or not. Emerson Mfg. Co. v. Tvedt, 19 N. D. 8, 120 N. W. 1094; Lawrence v. McCalmont, 2 How. 426, 11 L. ed. 326; Davis v. Wells, F. & Co. 104 U. S. 159, 26 L. ed. 686.

It is the stipulation for a valuable consideration, however small or nominal, passing from the guarantee to the guarantors, which makes the instrument an absolute guaranty, and the failure to pay the consideration stipulated would not change the absolute guaranty to an offer of guaranty. As was said in Lawrence v. McCalmont, supra, "if the consideration of $1 has not been paid, guarantors are now entitled to recover it."

The tenth assignment of error is that the court erred in not permitting defendants to introduce evidence tending to show that the contract between the plaintiff and the defendant Laursen was not executed by the plaintiff at the time defendant signed the guaranty indorsed thereon. It is not claimed by plaintiff that it notified the defendants of the acceptance of their guaranty; and if the execution, for a valuable consideration, of a guaranty of the performance of a contract before the contract is executed by the parties, is only an offer of guaranty, requiring notice of acceptance to make it binding on guarantors, then the defendants should have been allowed to introduce evidence to show that the contract was not executed at the time of signing the guaranty. The question of whether or not the contract was executed prior or subsequent to the signing of the instrument of guaranty would be a question of fact for the jury, as plaintiff's evidence is to the effect that the contract was executed by the plaintiff prior to the signing of the guaranty. This precise question has not been passed upon by this court, and the authorities on the question are not numerous. Counsel for the defendant rely mainly on the case of Barnes Cycle Co. v. Reed, 84 Fed. 604, in which the court said: "It will be noted that when thus signed [the guaranty] there was no valid subsisting contract between Schlaudecker and the Barnes Cycle Company. It only became a valid enforceable contract as against the Barnes Company five days later, when that company indorsed its acceptance and approval upon it. Under the circumstances we are of opinion that the undertaking of [the guarantor] was provisional, and not absolute. The Barnes Company was not bound to accept it, or,

indeed, to enter into the contract with Schlaudecker," and held that the instrument signed by the guarantor was only an offer of guaranty, requiring notice of acceptance to make it binding on the guarantor. But this case was appealed to the circuit court of appeals, and that court, while agreeing with the circuit court that the instrument was only an offer of guaranty, requiring notice to the guarantor, based its opinion on the ground that the instrument of guaranty, while reciting a valuable consideration, failed to state whether such consideration passed or was to pass from the guarantee or from the principal debtor; and the court made no mention of the fact that the contract was not executed at the time the guaranty was signed. 33 C. C. A. 646, 63 U. S. App. 279, 91 Fed. 481. But we believe the true rule to be as stated in Davis Sewing Mach. Co. v. Richards, 115 U. S. 524, 29 L. ed. 480, 6 Sup. Ct. Rep. 173, following Davis v. Wells, F. & Co. 104 U. S. 159, 26 L. ed. 686; that if the receipt from the guarantee of valuable consideration, however small, is acknowledged by the guarantor, or such consideration is stipulated for in the instrument of guaranty, the mutual assent is proved, and the delivery to the guarantee, or for his use, of the guaranty, completes the contract. The instrument, on the back of which the instrument of guaranty was indorsed, contained all the terms and conditions according to which plaintiff was to sell and deliver goods to defendant Laursen, within a prescribed time; and the instrument of guaranty was a promise by the defendants, the guarantors, for a valuable consideration passing to them from the plaintiff, the guarantee, to pay for such goods, if the defendant Laursen failed to pay therefor. The instrument of warranty expressly referred to the instrument on which it was indorsed, and made such instrument a part of the guaranty. There is no question but what such instrument with the indorsement of the guaranty thereon was delivered to the plaintiff for its use, and that it acted thereon and delivered goods to defendant Laursen pursuant thereto. We therefore hold that the instrument of guaranty in the case at bar was an absolute guaranty to pay the plaintiff the price of goods sold by the plaintiff to the defendant Laursen, according to the terms of the instrument on which the guaranty was indorsed, and that the liability of the guarantors to pay therefor on failure of the principal debtor to pay therefor is absolute, requiring no notice of acceptance, regardless of whether the instrument containing all the terms

and conditions of a contract was executed by plaintiff prior or subsequent to the signing of the instrument of guaranty by the guarantors.

Assignments of error 11 and 12 relate to the same subject, that the court erred in sustaining the following question by counsel for defendants, to defendant Laursen: "Did you, after November 24th, 1908, make any sales of property to Walter Nelson, whereby you realized a certain amount?" The court sustained the objection to the question. Defendant offered to prove by the witness that he sold property to the amount of $700 to the defendant Nelson, and received the money therefor some months after defendant Laursen had failed to pay for the goods delivered to him by the plaintiff under the contract alleged in the complaint, but before defendants Christensen and Nelson had been notified by plaintiff of default in the payment on the part of defendant Laursen. The evidence shows that the plaintiff did not notify the defendants Christensen and Nelson, of the failure of the defendant Laursen to pay for the goods delivered to him, until some months subsequent to the time when such goods should have been paid for according to the terms of the contract of sale. Counsel for the defendants Christensen and Nelson claim that they were entitled to notice of default in payment by defendant Laursen, within a reasonable time after such default, and entitled to set off against the plaintiff's claim any damage resulting by reason of the failure of the plaintiff to notify defendants within a reasonable time of such default by the defendant Laursen. Section 6086 of the Revised Codes of 1905 declares: "A guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal and without demand or notice," and § 6096 of the Revised Codes of 1905 provides that "mere delay on the part of the creditor to proceed against the principal, or to enforce any other remedy, does not exonerate a guarantor." Having decided that the instrument signed by the defendants Christensen and Nelson was an absolute guaranty of the purchase price of goods to be sold to the defendant Laursen, by plaintiff, pursuant to the instrument or contract on which such guaranty was indorsed, and the undisputed evidence showing that goods of the value sued for were so sold and delivered to the defendant Laursen by plaintiff, and the same has not been paid for, then by the express provisions of the statutes mentioned, it is immaterial as to whether the defendants Christensen

and Nelson were, prior to the commencement of this action, notified of the default of the defendant Laursen, as the service of summons on the defendants Christensen and Nelson was sufficient notice. But if we should concede that the guarantors were entitled to reasonable notice of the default of the principal, and entitled to set off any damage resulting to either of said defendants from failure to give such notice, the evidence offered by the defendants Christensen and Nelson failed to show any damage resulting to either of said defendants. The evidence offered would only show that the defendant Laursen sold to defendant Nelson $700 worth of property, and received the money therefor, without showing whether such property was exempt from seizure on execution, or that such sale impaired the financial condition of the defendant Laursen, in any way, and would be no proof of the insolvency of the said defendant. We therefore hold that it was not error for the trial court to refuse such evidence.

The thirteenth and last assignment of error is that the court erred in directing a verdict in favor of the plaintiff for the amount demanded in the complaint. The undisputed evidence shows that the plaintiff supplied to the defendant Laursen goods of the value mentioned in the complaint, pursuant to the instrument or contract on which the instrument of guaranty was indorsed, which instrument of guaranty provides for a valuable consideration paid or to be paid by plaintiff, guarantee, to defendants Christensen and Nelson, guarantors, and that the price of such goods has not been paid to plaintiff, guarantee. And having decided that the instrument signed by the defendants Nelson and Christensen was an absolute guaranty, not requiring notice of acceptance, and that it was immaterial whether the instrument on which such guaranty was indorsed was or was not signed by the plaintiff at the time such instrument of guaranty was signed by defendants Christensen and Nelson, and that it was immaterial as to whether the consideration of $1, stipulated therein, was or was not paid before this action was commenced, and that the defendants Christensen and Nelson were not entitled to notice of default by the defendant Laursen, and that no evidence was offered by the defendants Nelson and Christensen, showing any damage resulting to either of them by the failure of plaintiff to notify them of the default of the defendant Laursen, there was therefore no question of fact to submit to the jury; and it was not

error for the trial court to instruct the jury to find in favor of the plaintiff for the amount demanded in the complaint.

Finding no error in the record, the judgment of the trial court is therefore affirmed, with the costs of appeal to respondent, to be taxed in the District Court.

Mr. Justice BURKE being disqualified by reason of having presided at the trial of the case in district court, S. L. NUCHOLS, Judge of the Twelfth Judicial District, sat in his stead by request.