FINCH, VAN SLYCK, & McCONVILLE, a Corporation, Plaintiff, A. J. BIEWER, Receiver of the First National Bank of Hannaford, North Dakota, Assignee, and Respondent, v. CLAUS JACKSON, William Margach and Christ Furaas, Defendants. WILLIAM MARGACH, Appellant.

(220 N. W. 130.)

18

Opinion filed June 2, 1928.   On Petition for Rehearing July 3, 1928.

*Sad & Duffy,* for appellant.

*Combs, Ritchie & Hanchett,* for respondent.

BURKE, J. On the 25th day of July, 1923, Finch, Van Slyck, and McConville, a corporation, commenced an action against Claus Jackson, William Margach and Christ Furaas, in Cass county, North Dakota.

The summons and complaint in said action, were served upon the defendants on August 25, 1923, and thereafter, and on the second day of October, 1923, the defendants being in default, judgment was ordered for the plaintiff for the sum of $1,435.15 and $14.85 cost upon which order judgment was duly entered on the said second day of October, 1923, for $1,450.

A transcript of the original judgment docket was duly filed with the clerk of the district court of the county of Griggs, and on the sixth day of October, 1924, the clerk of the district court of Cass county issued an execution to the sheriff of Griggs county on said judgment. The sheriff levied upon and sold the W ½ and the N. E. ¼ of section 15 twp. 144, r. 60, for $1,616.07 that being the amount due on the judgment including costs to Finch, Van Slyck, and McConville. On the 31st day of December, 1925, the certificate of sale was assigned to the First National Bank of Hannaford, and sheriff's deed on execution issued to the First National Bank of Hannaford on the 14th day of October, 1926. The First National Bank of Hannaford failed, and A. J. Biewer was appointed, and is, receiver of said bank.

On the 25th day of November, 1927, the defendant, William Margach, served a notice of hearing on motion to vacate execution, levy and sale on the said property upon the ground that the levy and notice thereof were defective in this, that the notice of levy lays the venue in the county of Griggs and does not specify upon whose right title and interest the levy is made. Second, That the notice of sale lays the venue in the county of Griggs, and that such sale is made under and by virtue of an execution issued by, and out of the above-named court upon a judgment entered and docketed in said court, and that the two last publications of notice of sale were made on legal holidays. Third, That the sheriff's report returned on said sale lays the venue in the county of Griggs. Fourth, That the land sold was three quarter sections of farm land and six lots in the village of Hannaford sold as

one tract or parcel. Fifth, That the purchaser at said sale was the judgment creditor, Finch, Van Slyck, and McConville, a foreign corporation, not authorized to transact business in this state.

A hearing was had upon the affidavit of M. W. Duffy, letters from the department of state of Minnesota and the department of state of North Dakota, stating that the plaintiff is a foreign corporation not authorized to do business in the state.

The affidavit of A. J. Biewer is to the effect that he is the receiver of the First National Bank of Hannaford, as such receiver the holder of the certificate of sale and the sheriff's deed issued thereon, that the records of the bank show that the defendant, Margach, was indebted to the bank in the sum of $3,500 upon an unsecured promissory note, and that on October 29, 1926, said $3,500 was charged into other real estate upon the books of said bank, together with the sum of $1,250 which the bank paid to Finch, Van Slyck, and McConville for the sheriff's certificate of sale, and that by reason of such entries, with the understanding that under the sheriff's deed the bank had acquired and held the title to the interest of William Margach in the property, and the deponent as receiver did nothing to secure or enforce the payment of the $3,500 indebtedness, believing that the title, that they acquired in the land was of sufficient value to recover the entire indebtedness of William Margach. After hearing, the trial court made its order denying the motion, and the defendant appeals.

It is the contention of the appellant that the sale is void. He makes no claim of injury in any way, no statement that he was deceived in any way by the record, or that he was prevented from redeeming. He stands upon one proposition, that the whole proceeding is void. It is well settled in this state, that the sale of several known lots or parcels of real estate sold en masse, and not offered separately is not void, but only voidable on a showing of injury in a reasonable time. Power v. Larabee, 3 N. D. 502, 44 Am. St. Rep. 577, 57 N. W. 789; Michael v. Grady, 52 N. D. 740, 204 N. W. 182. In this case no injury is claimed and the motion made two years and eleven months after sale is not a reasonable time.

The plaintiff had a legal judgment in law, against the defendants, a transcript of this judgment was duly filed for record in the county of Griggs on the fourth day of October, 1923, and on the sixth day of

October, 1924, an execution was duly issued by the clerk of the district court of Cass County to the sheriff of Griggs county. This execution is regular and without defect. On the 12th day of November, 1924, the sheriff of Griggs county served a notice of levy on the defendants, Margach and Furaas, which states that by virtue of a writ of execution duly issued in this action by R. F. Croal, clerk of the district court, within and for Cass county, state of North Dakota, a copy of which is herewith served upon you, I have this day levied upon the following described property situated in the county of Griggs, to wit: all his right title and interest to the W$\frac{1}{2}$ and N. E. $\frac{1}{4}$ of section 15 in township one hundred and forty-four, range sixty, also lots 7–8–9–10–11 and 12 of block four Ramsland's addition to Hannaford. The irregularity in this notice, is, that instead of stating that the levy is made upon all the right, title and interest of William Margach, the notice states, "all of his title and interest." The contention, is, that the notice does not state specifically whose interest is levied upon. The notice of levy is addressed to William Margach and Christ Furaas, the defendants. It specifically calls their attention to the execution issued by R. F. Croal, clerk of the district court, within and for Cass county, a copy of which was served upon each defendant at the time of the service of this notice.

Section 7720, Comp. Laws 1913, provides that "the levy of an execution shall be made in the same manner as a levy under a warrant of attachment," and § 7547, Comp. Laws 1913, provides, "the method of levying the warrant of attachment." The law does not provide for the service of notice of levy on real property by execution, but it is the practice to serve a notice of levy as provided in § 7549, Comp. Laws 1913, viz.: "In the cases mentioned in subdivisions 1 and 2 of § 7547 the sheriff shall within thirty days after the levy of an attachment serve the warrant of attachment together with a notice of levy, describing the particular property levied on in the manner provided for the service of a summons in § 7426. What must this notice contain? Simply a description of the property levied upon. It need not refer to the action in any manner, that information is contained in the warrant of attachment which is served upon the defendant with the notice of levy. The notice of levy on execution is the same, and the writ of execution which is served with the notice takes the place of the warrant of attachment in an attachment case, and gives the debtor all the

information necessary in such a proceeding. If the law requires notice, that was sufficient, but in this case a levy was not necessary, for the reason, that the judgment was a lien upon the real property of the defendant. Winslow v. Klundt, 51 N. D. 808, 201 N. W. 169; Britannia Min. Co. v. United States Fidelity & G. Co. 43 Mont. 93, 115 Pac. 46; Lehnhardt v. Jennings, 119 Cal. 192, 48 Pac. 56, 51 Pac. 195.

The defendants contend that the notice of sale is invalid, for the reason, that the venue is laid in Griggs county, that after the heading, notice of execution sale of real estate it begins, "State of North Dakota, county of Griggs, ss.: First Judicial District, Finch, Van Slyck, and McConville, a Corporation, v. William Margach and Christ Furaas. Notice is hereby given that under and by virtue of an execution issued by and out of the above named court upon a judgment rendered, entered and docketed in said court in the above entitled action."

It is the contention of the defendant, that this language in the notice of sale renders the sale void. There is no other objection to the notice. It states the amount of the judgment, the levy, the owner, the real estate levied on is described, and states when, where and how it will be sold. In fact it contains more than the law requires.

Section 7545, Comp. Laws 1913, provides, "that notice of the time and place of the sale of real property on execution must be published once a week for at least thirty days in a newspaper in the county where the real property is situated."

Section 7746, Comp. Laws 1913, states, "all sales of real property under execution must be held at the court house, if there is one in the county."

Section 7747, Comp. Laws 1913, "all sales of property under execution must be made at public auction."

There are no other provisions in the Code relating to notice of sale on execution. The statute does not even state what the notice of sale shall contain, but of course, it must describe the property and state when and where the sale will be held.

Section 7545, Comp. Laws 1913, is practically the same as § 692 California Code of Civil Procedure. In the case of Lehnhardt v. Jennings, 119 Cal. 192, 197, 48 Pac. 56, 51 Pac. 195, the court said:

"Notice given by officer as required by this section is an act mani-

festing intention of officer to appropriate described property to sale for satisfaction of writ, and is sufficient levy in any case where judgment is lien on property to be sold."

Freeman on Executions, § 285A states, "in most of the states the only notice of sale required is one intended for the information of the public. It is designed to inform the general public of the kind and character of the property to be sold; of the time, place, and terms of the sale; and of the persons whose interests are about to be subjected to an involuntary transfer."

Under the general practice, the notices in use usually accomplish all the purposes for which we have said such notices are designed. This fact can hardly be said to result from the statute upon the subject for they are usually very vague in their terms and seem to require the notice to contain nothing but a description of the property and a specification of the time and place of the sale. This specification in some statutes is inferred rather than expressed. "A notice not designating the defendants, or naming but one of them, is, therefore, sufficient." Harrison v. Cachelin, 35 Mo. 79; Perkins v. Spaulding, 2 Mich. 157; Chapman v. Morrill, 19 Hun, 318; Manwaring v. Jenison, 61 Mich. 117, 27 N. W. 899; Jeffries v. Bartlett, 75 Ga. 230. "In the absence of a statute expressly requiring this statement, there can be no doubt that the failure to state the name of either party or an error in stating it cannot avoid the sale." Ganong v. Green, 64 Mich. 488, 31 N. W. 461. "In New York and California, the notice is not required to state anything except the time and place of the sale, and a description of the property to be sold. It need, therefore, contain no allusion to the parties or the judgment." Our statute is the same as that of California and New York. The notice of sale in the case at bar contains everything and more than the law requires and the matter complained of is mere surplusage which does not affect the sale.

Under § 7757, Comp. Laws 1913, the purchaser of real property on an execution sale acquires all the right, title, and interest of the judgment debtor which becomes absolute after the expiration of the period of redemption, unless the sale is void. The sale not being void, it follows that the same objection to the officer's return, the certificate of sale, and the deed, are without merit. If the sale was valid everything that the officer did after sale is subject to amendment, but the objec-

tions to the certificate of sale, the sheriff's return and deed being the same objections that were made to the notice of levy, such irregularities do not invalidate the sale.

There is no merit in defendant's contention that the judgment is void because the plaintiff is a foreign corporation not authorized to do business in the state. Foreign corporations are given the same authority as domestic corporations to maintain suits. Comp. Laws 1913, § 7984; McConnon & Co. v. Laursen, 22 N. D. 604, 135 N. W. 213.

The defendant contends that the sale is void, for the reason, that the notice of sale was published on the 25th of December (Christmas) and the 1st of January (New Year's) two holidays. Sections 9232–9233–9234, and 9235 prohibits the doing of certain acts on the first day of the week, and while we have a number of holidays defined by statute the public is free to observe them or not, and the law does not make unlawful or illegal any act or performance on any day, except Sunday, the first day of the week. In the case of Carr v. Wakonda Independent Consol. School Dist. 44 S. D. 103, 182 N. W. 626, the supreme court of South Dakota held that the notice of a special election published on Christmas day and New Year's did not come under the prohibition of public business or the service of process which are forbidden on any holiday by the South Dakota statute.

At the time of the hearing before the trial court the defendant produced a certificate from the clerk of court of Cass county, stating that the sale had never been confirmed, and that is urged as another reason why the sale is void.

In the case of Warren v. Stinson, 6 N. D. 294, 70 N. W. 280, this court stated,

"A purchaser at an execution sale secures by purchase certain rights which the law will protect. The mere failure of the court to confirm the sale will not itself divest him of his rights. It is true that if the facts show that the sale ought not to be confirmed but should be set aside then it is certainly proper to vacate the sale. We are therefore called upon to ascertain something more than the mere fact whether the sale had been confirmed or not."

In other words, if all there is to be considered, is the fact that the sale was not confirmed, it will not be set aside for that reason, but if there are reasons why it should be set aside then it is proper to vacate

the sale. In this case all that is left of the technicalities relating to the sale is the non-confirmation of the sale, and under the decision of this court just referred to the sale should not be set aside for that reason.

This question was before our sister state of South Dakota in the case of Baxter v. O'Leary, 10 S. D. 150, 66 Am. St. Rep. 702, 72 N. W. 91, and the South Dakota court said:

"It should be observed that we are considering the sale in an action at law wherein the officer acts, not under the direction of the court as in a case of judicial sale, but under the authority of the execution and the expressed direction of the statute."

In this case the court held that the failure to confirm did not invalidate the sale, for the sale was regular.

The question of inadequacy of price is not raised by the motion, but is argued in the brief, and in the affidavit of M. W. Duffy it is stated that the interest of the defendant, William Margach in the land sold exceeds $6,000. The land sold for $1,616.07, and according to the affidavit of A. J. Biewer, Receiver of the defendant bank, Margach was credited with another indebtedness to the bank of $3,500, which, with the amount of sale and interest on both debts brings the amount realized very close to what the defendant claims as the value of Margach's interest in the land, hence there is no merit to defendants' contention. Moreover, the claim of inadequacy of price was waived by waiting nearly three years after the sale and nearly two years after the expiration of the period of redemption. Power v. Larabee, 3 N. D. 502, 44 Am. St. Rep. 577, 57 N. W. 789. There was no abuse of discretion in denying the motion, and the judgment is affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, BURR, and BIRDZELL, JJ., concur.

## On Petition for Rehearing.

BURKE, J. The defendant has filed a petition for a rehearing, insisting that the real property sold belonged to the estate of Peter Margach, that the interest of the defendant and appellant is as an heir, and that under the decision of Crosson v. Kartowitz, 43 N. D. 466, 175 N. W.

868; Young v. Salzer Lumber Co. 52 N. D. 685, 204 N. W. 8, the levy was illegal. Second, that where land is in different tracts and sold en masse the period of redemption does not begin to run until after the sale is confirmed.

The notice of motion is silent on the question of ownership, but the affidavit of M. W. Duffy, attorney for the defendant, states, "that one Peter Margach died intestate leaving as his heirs at law, William Margach, a brother and sister residing in Scotland; that the estate of said Peter Margach, deceased, consisted of lands levied upon under the aforementioned execution, that the reasonable and actual value of the estate or interest of the defendant, William Margach in said estate is in excess of $6,000." This is a direct admission that the defendant, William Margach, had an interest in the lands levied on in excess of $6,000.

W. G. Tweed was sheriff of Griggs county at the time of levy and sale, and his affidavit shows that he filed a notice of levy in the office of the register of deeds of said Griggs county upon said land which is duly recorded in book 27 of mortgages at page 274. As sheriff of said county, he conducted all of the proceedings, and remembers that after the filing of notice of said levy in the office of register of deeds in Griggs county, that he served a copy of notice of said levy and also a copy of the execution which was attached thereto upon the said defendant, William Margach, who then lived upon the land in section fifteen.

A levy of execution is made in the same manner as a levy under a warrant of attachment, and under § 7547, Comp. Laws 1913, a levy is made upon real property by the sheriff filing with the register of deeds in the county in which the property is situated, a notice stating the names of the parties to the action, the amount of plaintiff's claim and a description of the property levied upon. The notice recorded in the office of the register of deeds and served upon the defendants, contains all the information that the statute requires, viz., the names of the parties to the action, the amount of plaintiff's claim and a description of the property levied upon and was therefore a legal levy.

Under § 7720, Comp. Laws 1913, "all goods, chattels, moneys and other properties both real or personal or any interest therein of the judgment debtors not exempt by law are liable to execution. Shares or interest in any corporation or company and debts and credits, and all

other property both real and personal and all the property not capable of manual delivery shall be liable to be taken on execution." This section includes any and every interest that a debtor may have in any property, and the defendant admits that he had interest in the property levied on in excess of $6,000.

The case of Crosson v. Kartowitz and Young v. Salzer Lumber Co. supra, relied on by the defendant are cases in which the question of priority between a mortgage and an attachment lien are involved under the recording act, and are not in point.

There is no merit to defendant's contention that the period of redemption does not begin to run until after confirmation of sale. Section 7754, Comp. Laws 1913, provides, that the judgment debtor or redemptioner may redeem the property from the purchaser within one year after the sale on paying the purchaser the amount of his purchase with interest. The defendant now concedes that the sale was only voidable, and that a motion made before expiration of the period of redemption is timely.

There is no question but what the statute was not followed in the sale, by offering the different tracts separately, and if the motion had been made timely the sale would have been unquestionably set aside. In this respect the sale in the case of Power v. Larabee, 3 N. D. 502, 44 Am. St. Rep. 577, 57 N. W. 789, was grossly irregular. In that case 1,700 acres of defendant's land consisting of eleven distinct parcels was sold en masse for $96, and the court held, that by waiting sixteen months after sale before moving, the irregularity in the sale was waived.

In the case at bar, the defendant waited nearly three years from the date of sale, and nearly two years after the expiration of the period of redemption.

The order of the district court denying plaintiff's motion must be affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, BURR, and BIRDZELL, JJ., concur.