[No. 20587.   Department One.   May 25, 1927.]

The State of Washington, *on the Relation of Gus V. Barks, Plaintiff,* v. The Superior Court for Skamania County, *Respondent.*[1]

[1] Prohibition (4)—Adequacy of Remedy by Appeal—Want of Jurisdiction.   Where the facts are admitted and the court is proceeding with a cause without jurisdiction, the remedy by appeal is inadequate, and prohibition lies.

[2] Process (44)—Sunday (9)—Defects in Service—Service on Non-judicial Day.   The courts acquire no jurisdiction of cause through the service of a summons on the first day of the week, under Const., Art. 4, § 6, authorizing the issuance of injunctions, and writs of prohibition and habeas corpus on nonjudicial days, and Rem. Comp. Stat., § 2497, making it a misdemeanor to serve other process on the Sabbath day, except to prevent a breach of the peace or apprehend a person charged with crime.

Application filed in the supreme court April 1, 1927, for a writ of prohibition to restrain the superior court for Skamania county, McKenney, J., from trying a cause for want of proper service of summons. Granted.

*A. C. Allen* and *Bates & Burnett,* for relator.
*Miller, Wilkinson & Miller,* for respondent.

French, J.—Summons and complaint were served on the relator herein on the first day of the week. Proper showing to that effect was made in the lower court, and has reached this court on application for a writ of prohibition.   There are but two questions in this case: First, is prohibition the proper remedy or must the question be raised on appeal; and second, is the service of summons and complaint made on the first day of the week voidable.

[1]  The early decisions of this court on the ques-

¹Reported in 257 Pac. 837.

tion as to when a writ of prohibition will issue are not altogether harmonious. However, in the case of *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F 905, this court, speaking through Chadwick, J., has, in an exhaustive and carefully considered opinion, reviewed all of our earlier cases, and has laid down the rules governing applications of this kind, and in accord with the principles there announced we hold that prohibition is the proper remedy in this case.

[2] The second question, namely, is service of summons made on the Sabbath day, or Sunday as it is commonly called, voidable, presents a much more serious question.

The authorities are not harmonious on the question of whether or not such service was good at common law. However, the Statute of 29 Car. 1, made void the service of process on the Sabbath day, and all actions were then commenced by the service of process. By express statute, the service of process or writs in the nature of process on the Sabbath day is made void by most of the states. Section 2497, Rem. Comp. Stat. [P. C. § 9125], reads as follows:

"Every person who shall serve any legal process on the Sabbath day, except in case of a breach, or apprehended breach, of the peace, or when sued out for the apprehension of a person charged with a crime, or where such service is expressly authorized by statute, shall be guilty of a misdemeanor."

Our state constitution, Art. IV, § 6, relating to the jurisdiction of superior courts provides that the several courts and their judges shall have power to issue writs of mandamus, quo warranto, review, certiorari, prohibition and writs of habeas corpus, on petition or on behalf of any person in actual custody in their respective counties.

"Injunctions and writs of prohibition and of habeas corpus may be issued and served on legal holidays and nonjudicial days,"

—and all of the authorities agree that the Sabbath is a nonjudicial day—thus by plain inference indicating that it was the intention of the framers of the constitution that no process of the court save in the excepted cases could be served on the Sabbath day.

It is true that we have held in cases so numerous as to require no citation of authority that summons is not process; but certainly summons is in aid of a judicial proceeding. It is by the service of summons that jurisdiction of a person is acquired, and as was said by Lord Ellenborough, chief justice:

"All notices on which rules are made are process in respect to the subject-matter; not indeed process with respect to the writ; but process in respect to the rule." *Roberts v. Monkhouse,* 8 East 547, 103 Eng. Rep. (Reprint), 453.

It was evidently the intent of our legislature in enacting the statute above quoted and of the framers of our constitution that people should not be subjected, save in cases where the statute expressly provides therefor, to anything in the nature of a court proceeding on the Sabbath day. The people of this state and of this nation are a Christian people, and the first day of the week, or the Sabbath day, has always been held to be a holy day. Historically, both at common law and by statute, it has been recognized as sacred and one on which, in so far as possible, the people should be free from the necessity of duty in any secular proceeding, and indeed most secular pursuits are prohibited.

We hold, therefore, that by the service of summons on the first day of the week, the court acquires no jurisdiction of the person of the party upon whom the

summons is served, unless by some act on the part of the defendant this irregularity is waived and jurisdiction conferred.

The writ will therefore issue.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and ASKREN, JJ., concur.