[No. 24996. Department Two. April 2, 1934.]

M. M. KELLIHER et al., Appellants, v. INVESTMENT & SECURITIES COMPANY et al., Respondents.[1]

W. B. Mitchell, for appellants.

Wakefield & Witherspoon (Channing Wakefield, of counsel), for respondents.

BEALS, C. J.—This action was instituted for the purpose of obtaining a decree setting aside a sheriff's deed and other proceedings which occurred subsequent to the entry of a decree in defendants' favor foreclos-

[1]Reported in 30 P. (2d) 985.

ing a mortgage against a tract of real estate owned by plaintiffs. After a trial to the court, findings of fact and conclusions of law were entered in defendants' favor, followed by a decree dismissing the action, from which plaintiffs have appealed to this court.

Appellants contend that the trial court erred in finding that the decree in the foreclosure suit was entered by consent of the parties. They also contend that the trial court erred in concluding, as a matter of law, that the proceedings leading up to the sale of the property by the sheriff were regular, and that respondent investment company, through the sale by the sheriff, obtained a good title to the property in question. They also, of course, assign error upon the entry of the decree dismissing their action.

The decree in the foreclosure action provides that the real estate therein referred to be sold by the sheriff of Spokane county in the manner prescribed by law. This decree is not attacked in this action, and whether or not the same was entered by consent of the parties to the foreclosure proceeding, is immaterial.

■ The only question presented is the validity of the sheriff's sale. The notice of this sale was published in the "Spokane Weekly Chronicle," the first publication having been made in the number of that newspaper dated November 26, 1931; the notice also appearing in the issues of the paper dated December 3, 10, 17 and 24. The sale was had December 26, 1931, in accordance with the notice. November 26, 1931, was, by proclamation of the governor of this state, designated as "Thanksgiving Day," and appellants contend that the published notice of the sale failed to comply with the law, the first publication thereof having been contained in an issue of the newspaper published on a holiday.

The provisions governing notice of such a sale as

that with which we are here concerned are found in paragraph 2 of Rem. Rev. Stat., § 582, it being therein provided that the notice shall be published once a week consecutively for not less than four weeks prior to the day of sale, in any daily or weekly newspaper of general circulation published in the county in which the real property to be sold is situated. Appellants do not attack the notice or the publication thereof save upon the one ground above stated.

The following sections of the code are to be considered in determining the question here presented:

"The publication of legal notices required by law, or by an order of a judge or court, to be published in a newspaper once in each week for a specified number of weeks, shall be made on the day of each week in which such newspaper is published." Rem. Rev. Stat., § 253.

"No newspaper shall be considered a legal newspaper for the publication of any advertisement, notice, summons, report, proceeding or other official document now or hereafter required by law to be published unless such newspaper shall have been published in the English language continually (legal holidays and Sundays excepted) as a daily or weekly newspaper, as the case may be, in the city or town where the same is published at the time of the publication of such official document, for at least six months prior to the date of such publication, and shall be printed either in whole or in part in an office maintained at the place of publication: . . ." Rem. Rev. Stat., § 253-1.

"Where any law or ordinance of any incorporated city or town in this state provides for the publication of any form of notice or advertisement for consecutive days in a daily newspaper, the publication of such notice on legal holidays and Sundays may be omitted without in any manner affecting the legality of such notice or advertisement: Provided, that the publication of the required number of notices is complied with." Rem. Rev. Stat., § 253-6.

By Rem. Rev. Stat., § 61, any day designated by public proclamation of the chief executive of the state as a day of thanksgiving is a legal holiday. Section 64 provides that, on legal holidays, no court shall be open, nor any judicial business transacted, with certain exceptions which need not here be considered.

Taking judicial notice of the governor's proclamation directing the observance of Thursday, November 26, 1931, as a day of thanksgiving and of the calendar for that year, it becomes manifest from the dates of publication of the notice as set forth in the findings made by the trial court that the "Spokane Weekly Chronicle" was published on Thursday of each week.

The question of the validity of the notice of the sale herein attacked is squarely presented.

In the case of *State ex rel. Barks v. Superior Court,* 144 Wash. 44, 257 Pac. 837, this court held that the superior court acquired no jurisdiction of a cause through the service of a summons on the first day of the week, known as Sunday. In determining the questions presented in that case, the court refers to Rem. Rev. Stat., § 2497, making it a misdemeanor to serve legal process on the Sabbath Day, save in certain instances therein specified.

Appellants cite authorities from other jurisdictions to the effect that notices required by law to be published may not be so published in Sunday newspapers. Several of the authorities cited by appellants involve statutes prohibiting the performance of labor on the first day of the week. These authorities are not in point here, as no such statute is in force in this state.

There is a great historical and fundamental difference between the observance of Sunday and the recognition of other days declared by law to be legal holidays. We are not here concerned with the validity

of a notice published on Sunday, but with one published on a week day which happened to be a holiday. Such holidays are numerous, and fall on the different days of the week with astronomical impartiality.

Rem. Rev. Stat., § 253, *supra,* provides that notices to be published once each week "shall be made on the day of each week in which such newspaper is published." Manifestly, the purpose of the publication of a notice is to disseminate information concerning the facts therein contained. This end is accomplished to the same extent by publication in a notice issued on a holiday as any other day. If notices such as that with which we are here concerned are wholly ineffective if contained in issues of a newspaper published on a holiday, confusion will often result, and no good end be accomplished. These matters are, of course, not decisive, but should be considered in construing the controlling statutes.

In the case of *Ferrari v. Beaver Hill Coal Co.,* 54 Ore. 210, 94 Pac. 181, 95 Pac. 498, 102 Pac. 175, 1016, the supreme court of Oregon held that service of a notice of appeal on a legal holiday was effective. In the course of its opinion, the court said:

"A legal holiday, other than Sunday, affects only those acts and transactions which are designated in the law establishing the day. The statute, providing for legal holidays, declares that no court shall be open nor any judicial business be transacted on such day, except for certain specified purposes, and under the rule above stated all other acts are legal. Service of notice of appeal is not judicial business within the meaning of the statute, and such a notice may, therefore, be served on a legal holiday."

In the case of *Carr v. Wakonda Independent Consol. School Dist. No. 1,* 44 S. D. 103, 182 N. W. 626, the supreme court of South Dakota held that publication of a notice of a school election made on Christmas and

New Year's days was valid, and did not constitute the transaction of public business within the meaning of the statute which provided that no public business should be transacted on holidays. This case was cited with approval by the supreme court of North Dakota in the case of *Finch, Van Slyck & McConville v. Jackson*, 57 N. D. 17, 220 N. W. 130. Other cases to this effect are referred to in the note contained in 13 A. L. R. 667.

The fact that our law, Rem. Rev. Stat., § 253-6, *supra*, provides that publication of city ordinances required to be published in daily newspapers may be omitted on legal holidays and Sundays, "Provided, that the publication of the required number of notices is complied with," is not controlling here; first, because it refers to "any law or ordinance," and second, because it simply provides that the publications *may* be omitted. This statute was evidently enacted to prevent the necessity of the publication on Sundays and holidays of a newspaper carrying notices required to be published on consecutive days.

Rem. Rev. Stat., § 582, providing that such a notice as that with which we are here concerned shall be published once a week consecutively for not less than four weeks prior to the day of sale in any daily or weekly newspaper, taken in connection with Rem. Rev. Stat., § 253-1, *supra*, providing that no newspaper shall be considered

". . . a legal newspaper . . . unless such newspaper shall have been published in the English language continually (legal holidays and Sundays excepted) as a daily or weekly newspaper,"

affords appellants no ground for relief here. The effect of this section is to allow newspapers to be "legal" even though they are not published on Sun-

88

days or on holidays. These sections of the statute do not require a holding that publication of a notice on a holiday is illegal.

We hold that, under the statutes of this state, the publication of the notice upon which the sale to respondent investment company was based sufficiently complied with the statutes applicable to the publication of such notices, and that the sale held pursuant thereto was valid. This conclusion renders it unnecessary to discuss the effect of the order confirming this sale, upon which order respondents also rely.

Finding no error in the record, the judgment appealed from is affirmed.

HOLCOMB, GERAGHTY, TOLMAN, and BLAKE, JJ., concur.